J-S69024-19

2020 PA Super 129

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                         :
                   v.                       :
                                         :
                                         :
CALIPH GILIAM                     :
                                         :
                    Appellant              :    No. 3882 EDA 2016

Appeal from the Judgment of Sentence December 2, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0012894-2015.

BEFORE:    SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

OPINION BY KUNSELMAN, J.:                    **FILED JUNE 03, 2020**

Caliph Giliam appeals the judgment of sentence imposed following revocation of his probation for committing new crimes. Upon review, we vacate Giliam's revocation sentence.

On July 11, 2016, Giliam entered into a negotiated guilty plea on charges for terroristic threats with intent to terrorize another.[1] These original charges arose out of an incident that took place on October 16, 2015, when Giliam verbally threatened a woman and her dog, then later walked by the same woman and her neighbor, swinging a hammer and looking at them sideways. After, Giliam pled guilty, the trial court sentenced him to three years of probation and required him to obtain his GED.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(A)(1).

Six days after his guilty plea and sentencing, Giliam was arrested and charged with aggravated assault, simple assault, and resisting arrest. These new charges stemmed from an incident where an officer allegedly saw Giliam grabbing his girlfriend by the face and slamming her against a wall several times. The officer stopped Giliam and handcuffed him. Giliam knocked the officer's hand off his shoulder and ran off. When the officer caught up with him, Giliam laid down on the floor. The officer tried to pick him up, and Giliam bit his gloved finger. The bite did not tear through the glove but cut the skin, which was treated with a Band-Aid. Giliam was treated at the hospital for various injuries.

A detainer was issued, and the Commonwealth filed a petition seeking to proceed with a probation violation hearing prior to the trial on the new charges pursuant to **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973) (holding that, because there is no statutory or constitutional bar, a court may conduct a VOP hearing prior to trial on the criminal charges which form the basis for the alleged probation violation). The trial court granted the Commonwealth's request.

On August 29, 2016, the VOP court held the violation of probation hearing; one of the officers at the scene of the incident and Giliam both testified. No other testimony or evidence was offered. The VOP court found the officer's testimony credible and Gilliam's testimony incredible. The VOP court noted that the case for which Giliam was already on probation involved terroristic threats, and that the facts of that case "indicated a propensity of

- 2 -

violence." N.T., 8/29/16, at 53. Moreover, the court observed, "[i]n this case, Officer Thrasher indicates that he viewed and witnessed an act of violence, that the defendant was hitting or banging . . . his girlfriend [against a wall]. That's definitely a violation of probation and clearly further shows a propensity of violence on the part of [Giliam]. . . . Therefore, the Court finds [Giliam] violated probation." *Id*. The trial court then revoked his probation, but deferred sentencing on the VOP until a mental health evaluation could be conducted.

On December 2, 2016, the VOP court held the sentencing hearing for Giliam's revocation of probation. The VOP court heard testimony from the original complainant, the officer who testified at the violation hearing, Giliam's probation officer, and Giliam. The mental health evaluation showed that Giliam suffered from bi-polar disorder and post-traumatic stress disorder, arising in part from a horrifically abusive childhood; inpatient treatment was recommended. The VOP court sentenced Giliam to 2½ years to 5 years of imprisonment. Additionally, the court ordered specific rehabilitative conditions which included a requirement that Giliam obtain his GED, attend drug and alcohol treatment, attend anger management and parenting classes, take medication as required, and be supervised by the mental health unit.

Giliam filed a post-sentence motion, but before the court could rule on it, Giliam filed this appeal. Both the court and Giliam complied with Pennsylvania Rule of Appellate Procedure 1925.

Thereafter, on June 2, 2017, while this appeal was pending, a different judge conducted a bench trial on Giliam's new criminal charges. After hearing testimony from several witnesses, including the officer who testified at the probation revocation hearing and another officer who was at the scene, the court found that the officers' testimony was inconsistent and not credible, and that the defense witnesses' testimony was credible. The court acquitted Giliam of the new charges, telling the Commonwealth witnesses, "everywhere you turn, your story falls short. I have to find this man not guilty and give him our apologies." N.T., 6/2/17, at 52-53.

In light of his acquittal, Giliam filed a motion with this Court to remand the appeal of his violation of probation for a new hearing. This Court denied the motion without prejudice to raise the issue before a merits panel. Giliam petitioned this Court a second time to remand for a new hearing, this time, with the consent of the Commonwealth. After receiving a supplemental opinion from the VOP court, we again denied Giliam's petition, without prejudice to raise the issue before the merits panel.

On appeal, Giliam raises two issues:

1. Should not [Giliam's] probation violation and subsequent sentence, based entirely on conduct for which he was subsequently acquitted, be vacated?

2. In the alternative, should not the sentence be vacated and the matter remanded for a new sentencing hearing, insofar as the sentence was manifestly excessive and unreasonable, and failed to sufficiently take into account [Giliam's] mental health and rehabilitation needs?

Giliam's Brief at 3.

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Perreault*, 930 A.2d 553, 557 (Pa. Super. 2007), *appeal denied,* 945 A.2d 169 (2008) (citation omitted); 42 Pa.C.S.A. § 9771(b). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996).

Giliam first argues that his VOP sentence should be vacated because he was acquitted of the new criminal charges underlying the VOP charge. Giliam contends that since these new charges were the sole basis for the trial court's finding that Giliam violated his probation, his VOP sentence should be vacated. Giliam's Brief at 16, 24. The Commonwealth agrees. Commonwealth's Brief at 9, 16.

The trial court believes that the VOP sentence should stand. Supplemental Trial Court Opinion, 4/26/19, at 5. We disagree.

A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation or 2) committed a new crime. 42 Pa.C.S.A. § 9771; *Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019). These are the only grounds on which a court can find

that a defendant violated his or her probation.  *Id.*  "[T]he VOP court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation."  *Id.*

Notably, "a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct."  *Id.*  "Rather, the effectiveness of probation as a rehabilitative tool and as a deterrent to antisocial conduct is the lens through which a violation is to be viewed."  *Id.* at 1251.  "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity."  *Id.*

Once the court concludes a violation occurred and probation was not effective, the court may resentence the defendant to a total term of incarceration if:  (1) the defendant was convicted of a new crime; (2) the defendant's conduct makes it likely that he or she will commit a new crime if not incarcerated; or (3) incarceration "is essential to vindicate the authority of the court."  42 Pa.C.S.A. § 9771(c); *Foster*, 214 A.3d at 1251.

To determine the validity of Giliam's VOP sentence, we initially must consider why the court found him in violation.  The Commonwealth charged Giliam with a violation because he allegedly committed new crimes.  In its motion to proceed with a probation violation hearing, the Commonwealth only

asserted that Giliam was arrested and charged with new crimes. The Commonwealth did not allege that Giliam violated any condition of his probation. As such, Giliam's new charges were the sole basis for seeking revocation of his probation.

In such circumstances, our courts have indicated, but not directly held, that an acquittal of the charges which served as the basis for a probation violation would be given preclusive effect. For example, in **Commonwealth v. Infante**, 888 A.2d 783, 793 (Pa. 2005), *abrogated on other grounds by* **Foster**, **supra**, the Commonwealth charged Infante with probation violations based on new criminal charges and technical violations. The court held a VOP hearing and found Infante violated his probation based upon the technical violations, revoked his probation, and sentenced him to a county sentence with a probation tail. The court warned Infante, however, that, if he were convicted of the new criminal charges, it would revoke his parole and probation and resentence him. Subsequently, Infante was convicted of those new charges, and the VOP court imposed a stricter sentence. On appeal, this Court vacated Infante's revocation sentence. Our Supreme Court, however, reversed. The High Court concluded that Infante's VOP sentence was appropriate, stating, in *dicta*, that the VOP court's deliberate intention "to withhold action on [Infante's] criminal charges until after the outcome of the trial on those charges . . . allowed **the court to avoid the risk of entering a VOP sentence that would ultimately be void if the defendant were acquitted of the new charges**. **Infante**, 888 A.2d at 793 (emphasis

added), *abrogated on other grounds by **Foster**, **supra***. The Court further noted that this approach was the preferred course of action. ***Id.***

Similarly, this Court found ineffective assistance of counsel where a defendant's counsel at the probation revocation proceeding never advised him that he could seek to delay his revocation hearing until after trial on his new charges. ***Commonwealth v. Moriarty***, 180 A.3d 1279, 1288 (Pa. Super. 2018). There, a VOP court revoked Moriarity's probation based solely on the new charges, for which Moriarty was ultimately acquitted. ***Id.*** We noted that his probation revocation was "based on what turned out to be nonexistent violations." ***Id.*** Instead of remanding, we found his revocation sentence was "infirm," and corrected it as an illegal sentence. ***Id.*** at 1288 n. 5.

Here, because Giliam's violation of probation was based solely on allegations of new criminal charges for which he was later acquitted, ultimately, no violation of probation occurred. Consequently, we conclude Giliam's probation revocation sentence is void.

The trial court contends that it did not rely ***solely*** on Giliam's new charges to revoke his probation. Rather, the trial court concluded that the three-year probation sentence for Giliam's original charges was not serving the desired outcome to rehabilitate Giliam, because he was still acting erratically and violently. Relying on ***Kates***, the trial court explained:

> it is not necessary to wait until the person on probation to be convicted of the alleged crime for a revocation of probation hearing to be held, because if it becomes apparent that the probation isn't serving the desired outcome the court is allowed to impose a more appropriate sanction.

Trial Court Opinion, 10/3/18, at 8-9 (citation omitted). The trial court further explained:

> It is clear that probation [has] not proven effective because [Giliam] admitted to being violent during his right of allocution at his sentencing for violation of probation hearing where he admitted to being angry following his original sentencing and apologized to the officer for biting him. Because probation was not enough of a deterrent for [Giliam], and because he admitted to his violent behavior SIX DAYS after being sentenced, the court took into account the following: the violence against the officer, violent acts toward other individuals, the violence against the Defendant's child[ren]'s mother Giliam's defiant, angry, and wild behavior when the court indicated that he was to get a GED in his underlying case, the needs and safety of the public, the fact that Giliam has shown no remorse for his actions, and Giliam's propensity to be a danger to the public.

Supplemental Trial Court Opinion, 4/26/19, at 4. "Therefore, the court did not err in revoking probation and resentencing Giliam to SCI Chester for his mental health, because Giliam's violent behavior is why Giliam was before the court in his underlying case, and, just SIX DAYS after his negotiated guilty plea, he exhibited the same violent behavior." Trial Court Opinion, 10/3/18, at 9 (emphasis in original).

Critically, we note that a VOP court may not consider whether the probation was an effective deterrent when deciding whether a defendant violated probation. *Foster*, 214 A.3d at 1243. In *Foster*,[2] the Supreme Court of Pennsylvania clarified the process a court must undertake when considering

---

[2] *Foster* was decided after Giliam's VOP hearing. We therefore recognize that the VOP court did not have the benefit of its holding.

whether to revoke probation. First, a VOP court must determine whether a probation violation actually occurred. If it did, only then the court may consider the rehabilitative effectiveness of the probation in deciding whether to revoke the probation.

Here, the VOP court's finding the probation was ineffective may not serve as the basis to revoke Giliam's probation.[3] Once Giliam was acquitted of the new charges, the finding of a probation violation had to be set aside because the Commonwealth did not allege or prove any other violation of probation charge.

Finally, although the *Kates* decision from 1973 permits a VOP court to conduct a revocation of probation hearing prior to trial on the underlying charges, more recently our Supreme Court has cautioned against proceeding in this manner.[4] *See Infante*, 888 A.2d at 793. This Court has also observed that in many cases it may be "preferable to defer [] hearing until after the trial, thus avoiding the possibly unjust result of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." *Commonwealth v. Davis*, 336 A.2d 616, 623 (Pa. Super. 1977). The instant case exemplifies why, as a practical

_____

[3] We also observe that Giliam had only been on probation six days. This was barely sufficient time to establish whether Giliam's probation was effective. It was therefore unreasonable for the VOP court to reach this conclusion.

[4] Given the Pennsylvania Supreme Court's ruling in *Foster*, the application of *Kates* in cases like this one, where the sole basis of a probation violation is the commission of a new crime, is highly dubious.

matter, the appellate courts have cautioned against proceeding with a probation violation hearing before the trial on new charges where, as here, the new charges are the sole basis for the alleged probation violation.

In sum, because Giliam was acquitted of the new criminal charges, his revocation of probation sentence cannot stand. Accordingly, we vacate the decision of the VOP court, and remand for the court to determine whether Giliam should be credited for any time served against his original probation sentence.[5]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 6/3/2020*

---

[5] Because our resolution of Giliam's first issue is dispositive of this case, we do not address his second issue.

- 11 -