J-S40033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYSHAWN TYRONE MACK | : | |
| | : | |
| Appellant | : | No. 1619 EDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000775-2018

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED:  JUNE 4, 2021**

Appellant, Dyshawn Tyrone Mack, appeals from the judgment of sentence of three to eight years' incarceration imposed by the Court of Common Pleas of Monroe County (trial court) for violation of probation.  For the reasons set forth below, we vacate the judgment of sentence.

On February 17, 2018, Appellant was arrested and charged with aggravated assault and conspiracy to commit aggravated assault arising out of a fight in which a person was stabbed.  On January 16, 2019, Appellant entered a negotiated plea to one count of conspiracy to commit aggravated assault and was sentenced to a period of incarceration of one year, less one

---

[*] Retired Senior Judge assigned to the Superior Court.

day, to two years, less one day, with credit for time served, followed by five years' probation.

On February 12, 2019, the trial court granted Appellant parole effective February 15, 2019. On February 14, 2019, the day before Appellant was to be released on parole, Appellant's cellmate was assaulted by several inmates, and Appellant was charged with participating in the assault. Following these charges, the Commonwealth filed a motion to revoke Appellant's parole and probation. On April 18, 2019, a preliminary hearing was held on the new criminal charges and the magisterial district judge bound Appellant over on a simple assault charge and other misdemeanor charges.

On April 29, 2019, the trial court held a hearing on the Commonwealth's motion to revoke parole and probation. At this hearing, Appellant's counsel requested that the probation revocation be deferred until after Appellant's trial on the new charges. N.T., 4/29/19, at 7, 16, 28-29. Appellant conceded that the magisterial district judge had found a *prima facie* case and that he was in his cell when other inmates came into the cell and assaulted his cellmate, but contended that he had no involvement in the assault and did not admit that he was guilty of the charges or that he had committed any crime. *Id.* at 15-16, 24-26, 28-31. No witnesses were called to testify at the revocation hearing and the trial court did not hear any evidence that Appellant participated in the assault. The trial court denied Appellant's request to defer ruling on the probation revocation, revoked Appellant's parole and probation,

and sentenced Appellant to three to eight years' incarceration for the probation violation to be served consecutive to the remainder of his original prison sentence. *Id.* at 15-16, 31-32; Trial Court Sentencing Orders, 4/29/19.

Appellant timely appealed the trial court's violation of probation sentence. On December 11, 2019, while this appeal was pending and before the appeal was briefed,[1] a jury acquitted Appellant of all charges in the prison assault case that was the basis of the trial court's revocation of Appellant's probation. Trial Court Supplemental Statement, 5/7/20, at 2. Appellant argues that the revocation of his probation and sentence for violation of probation must be vacated because there was no admission or evidence at the hearing that he had committed the new crime of which he was accused and he was acquitted of the new criminal charges. The Commonwealth does not argue that the revocation of probation and sentence can be upheld; it has not filed any brief in this appeal. We agree that the trial court erred in finding that Appellant violated his probation and that its revocation of Appellant's probation and sentence must be vacated.

The trial court could revoke Appellant's probation only upon proof that Appellant either: 1) violated a specific condition of his probation or 2) committed a new crime. ***Commonwealth v. Foster***, 214 A.3d 1240, 1243, 1249-51 (Pa. 2019); ***Commonwealth v. Giliam***, 233 A.3d 863, 867 (Pa.

---

[1] Briefing in this appeal was delayed because of issues concerning appointment of counsel for Appellant.

Super. 2020). The sole ground on which the trial court revoked Appellant's probation was the fact that Appellant had been charged with a new crime and a magisterial district judge had found a *prima facie* case sufficient to bind Appellant over for trial on that charge. Trial Court Opinion, 7/19/19, at 3-4, 6; Trial Court Supplemental Statement, 5/7/20, at 1. The fact that a defendant is charged with a new crime, however, is insufficient to support revocation of probation absent proof that he committed that crime. **Giliam**, 233 A.3d at 867-69; **Commonwealth v. Sims**, 770 A.2d 346, 352 (Pa. Super. 2001); **Commonwealth v. Joe**, 649 WDA 2019, unpublished memorandum at 6-9 (Pa. Super. filed August 11, 2020).[2]

There was no evidence before the trial court that Appellant had committed the new crime or violated any other condition of probation. Appellant denied that he had any involvement in the assault and admitted only that he had been charged with the crime and that a *prima facie* case had found at his preliminary hearing, not that the evidence at the preliminary hearing was credible. N.T., 4/29/19, at 15-16, 24-26, 28-31. A defendant's admission that the Commonwealth has established a *prima facie* case with respect to the new criminal charges is not proof that the defendant committed the crime and is insufficient to support revocation of probation. **Sims**, 770

---

[2] Unpublished decisions of this Court filed after May 1, 2019, although not precedential, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); 210 Pa. Code § 65.37(B).

A.2d at 349-53. While there was a full preliminary hearing with respect to the new charges against Appellant, the trial court did not review the record from the preliminary hearing or make any findings based on the evidence at the preliminary hearing. Because the trial court heard no evidence from which it could find that Appellant violated his probation, its revocation of his probation must be vacated.

Moreover, in addition to the utter insufficiency of the evidence at the revocation of probation hearing, Appellant's acquittal of the new criminal charges also requires that the probation revocation be vacated. Where a court bases revocation of probation solely on new criminal charges against the defendant and the defendant is subsequently acquitted of those charges, the finding of a probation violation must be set aside and the probation revocation and sentence must be vacated. **Giliam**, 233 A.3d at 869 (vacating probation violation finding and sentence based solely on new criminal charges, even though court heard evidence and made finding that defendant had committed the crimes, because defendant was subsequently acquitted of the charges).

Because there is no basis for the trial court's finding that Appellant committed a new crime and no evidence that he violated any specific condition of his probation, we vacate the trial court's revocation of Appellant's probation and judgment of sentence and remand this case with instructions to reinstate the original order of probation.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation. Jurisdiction relinquished.

Judge King joins the Memorandum.

Judge Shogan Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/21