J-S14039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER A. BIDDINGER | : | |
| | : | |
| Appellant | : | No. 1519 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 17, 2020
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000135-2017

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 15, 2021**

Christopher A. Biddinger ("Biddinger") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On October 23, 2017, Biddinger entered an open guilty plea to simple assault,[1] based on his attack of a fellow inmate at Union County Prison while he was incarcerated there on unrelated charges.  The trial court sentenced Biddinger to one year of probation, to be served consecutively to prison sentences Biddinger was serving at other docket numbers.  Biddinger did not file any post-sentence motions or a direct appeal.[2]

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] Biddinger later filed, and subsequently withdrew, a *pro se* Petition for relief pursuant to the Post Conviction Relief Act.  **See** 42 Pa.C.S.A. §§ 9541-9546.

At some point, Biddinger was released from prison and violated the terms of his probation.[3]  On May 4, 2020, Biddinger appeared at his probation violation hearing, via video conference, and admitted to committing a technical violation of his probation.  **See** N.T., 5/4/20, at 2, 8-11.  Specifically, Biddinger admitted to changing his residence without informing his probation officer.  **Id.** at 8-9.  Based upon Biddinger's admission of guilt, the trial court revoked Biddinger's probation, and resentenced him to 2 years of probation.

On May 14, 2020, Biddinger filed a post-sentence Motion, requesting that the trial court modify its sentence to make him work-release eligible.[4]  On June 17, 2020, the trial court held a hearing on Biddinger's Motion.  At the hearing, Biddinger presented an oral Motion to withdraw his admission of guilt to the probation violation.  The trial court granted Biddinger leave to amend his post-sentence Motion and deferred ruling on the Motion regarding work-release eligibility.

On June 24, 2020, Biddinger filed an Amended Post-Sentence Motion, alleging that his prior counsel was ineffective in representing Biddinger at his probation revocation hearing, and that Biddinger's admission to violating the

---

[3] The record is unclear regarding when Biddinger was released from prison and when Biddinger violated the terms of his probation.

[4] Biddinger's Motion also stated, "[Biddinger] now maintains that he is innocent of the alleged violations" and "[Biddinger's] new sentences should be vacated as a result."  Motion, 5/14/20, at ¶¶ 5-6.  However, Biddinger's Motion did not explicitly request that the court permit him to withdraw his admission of guilt to the probation violation.

terms of his probation was not voluntarily or knowingly given. Biddinger sought permission to withdraw his admission to violating the terms of his probation. On July 30, 2020, following a hearing, the trial court denied Biddinger's Amended Post-Sentence Motion. Biddinger did not file a direct appeal.

On August 27, 2020, the Union County Probation Department filed a Request for Revocation of Biddinger's probation based on Biddinger's guilty plea to disorderly conduct at Northumberland County docket number 1094-2020 ("1094-2020"). On September 3, 2020, following a hearing, the trial court revoked Biddinger's probation, based on the guilty plea at 1094-2020, and deferred sentencing. On November 17, 2020, the trial court resentenced Biddinger to 3 to 24 months in prison. Biddinger filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters complained of on appeal.

Biddinger now presents the following question for our review: "Whether the trial court erred/abused its discretion when it revoked [Biddinger's] probation?" Brief for Appellant at 8.

> When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion."

***Commonwealth v. Giliam***, 233 A.3d 863, 866-67 (Pa. Super. 2020) (citations, quotation marks and brackets omitted).

Biddinger argues that the trial court erred in finding that he violated his probation. Brief for Appellant at 12-13. Biddinger claims that prior to his probation violation hearing, he had requested withdrawal of his guilty plea at 1094-2020. ***Id.*** Biddinger asserts that he informed the trial court of his pending request to withdraw his guilty plea, and that notwithstanding, the trial court found him to be in violation of his probation. ***Id.***

> A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation or 2) committed a new crime. 42 Pa.C.S.A. § 9771[.] These are the only grounds on which a court can find that a defendant violated his or her probation. The [violation of probation] court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation.

***Giliam***, 233 A.3d at 867 (quotation marks and some citations omitted). Where a probation violation is solely based on the commission of a new crime, the resulting revocation sentence will be void where the defendant is later acquitted of the new charges. ***Id.***

Here, Biddinger has not alleged that the trial court permitted him to withdraw his guilty plea at 1094-2020, or that he was acquitted of the charges. Indeed, our review of the docket at 1094-2020 reveals that Biddinger entered his guilty plea on August 4, 2020, and that his guilty plea was never withdrawn. Accordingly, we conclude that the trial court did not abuse its

discretion in finding that Biddinger had violated the terms of his probation, based upon his commission of a new crime. ***See Giliam***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021