J-A02045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :               PENNSYLVANIA
                          :
             v.                   :
                          :
                          :
JAMES ANTHONY GALL, JR.      :
                          :
            Appellant     :     No. 866 WDA 2021

Appeal from the Judgment of Sentence Entered June 28, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000321-2011

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED: JANUARY 21, 2022**

James Anthony Gall, Jr. (Gall) appeals from the June 28, 2021 judgment of sentence imposed by the Court of Common Pleas of Butler County (trial court) following the revocation of his probation for three counts of indecent assault of a child and one count each of endangering the welfare of a child (EWOC) and corruption of minors.[1] We affirm.

**I.**

We glean the following facts from the certified record. In December 2012, Gall entered an open guilty plea to the above-mentioned charges based on allegations that he had molested his 11-year-old stepdaughter. The trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(7), 4304(a)(1) & 6301(a)(1).

court sentenced him to 1 to 2 years' incarceration for each count of indecent assault of a child and EWOC and 6 to 12 months' incarceration for corruption of minors. It imposed 5 years' probation for each count of indecent assault of a child. The sentences were consecutive for an aggregate sentence of 54 to 108 months' incarceration, followed by 180 months of probation.

Gall served his maximum term of imprisonment before he was released in July 2020. In March 2021, Agent Gary Double (Agent Double) of the Pennsylvania Board of Probation and Parole (PBPP) filed a violation report alleging that Gall had violated terms of his probation by failing to report his telephone numbers and for failing to comply with his sex offender counseling. Gall proceeded to a **Gagnon II**[2] hearing on May 7, 2021, at which Agent Double and Julie Lindemuth (Lindemuth), Gall's counselor, testified regarding the violation. Agent Double testified that he had difficulty communicating with Gall throughout his supervision because the telephone numbers Gall provided would not work or he did not have an active number.

In October 2020, Lindemuth reported to Agent Double that she was unable to treat Gall because he told her he was filing a Post-Conviction Relief Act (PCRA)[3] petition and his attorney had advised him not to say anything that might harm his case. Agent Double scheduled a meeting with Gall to discuss

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] 42 Pa.C.S. §§ 9541 *et seq*.

the petition and said that Gall brought an old, half-filled-out form petition. It had not been filed and did not have an attorney's name on it. Agent Double's supervisor determined that Gall was required to comply with counseling unless he obtained a court order exempting him from doing so.

In January 2021, Lindemuth told Agent Double again that Gall had not been attending treatment and that she would have to discharge him if he missed his next appointment. Agent Double hand-delivered a letter conveying this information to Gall because he did not have a telephone number to reach him. While at Gall's apartment, Agent Double observed three cell phones. One phone had text messages and pornographic images on it, which was a violation of the special conditions of his probation. All three phones had Gall's name in the settings and some had photos of Gall or of his driver's license. Agent Double took the phones into evidence and, after consulting with a supervisor, placed Gall on GPS monitoring with a strict curfew. Gall violated curfew on at least one occasion and did not keep the monitoring device properly charged.

A few weeks later, Agent Double searched Gall's apartment after receiving a report that Gall had another cell phone and prohibited pornographic materials. He found one broken and one functional cell phone, pornographic books and films, and a children's book with pornographic images pasted inside. Gall had not reported the new cell phone number to Agent Double. At that time, Gall was arrested and detained.

Lindemuth testified that she began treating Gall by phone in October 2020 after he missed their first appointment in September. She informed him that he could not miss appointments, have contact with minors, use pornography or access the internet without a computer-monitoring system. At the second appointment, Gall said he could not discuss his offenses because he had filed a PCRA petition. Lindemuth ended the session early because she could not treat Gall without speaking about his offenses.

After Gall was instructed by PBPP to continue counseling, Lindemuth struggled to reach him to schedule sessions because he did not have a direct phone number. In January 2021, she mailed him a letter scheduling an appointment for the following month. Gall then participated in two treatment sessions by phone in February 2021 and was cooperative and polite. At the second session, Lindemuth asked Gall about the pornography that Agent Double had found on the cell phones in his home. She told him it was common for people to struggle with pornography when beginning treatment and that she needed him to address it honestly. Gall repeatedly denied that the phones were his or that he had any knowledge of the images on them. Lindemuth told him that he had one opportunity to be truthful, and that if more pornography was found in his possession, he would be discharged.

Lindemuth had to cancel her next appointment with Gall due to illness, and by the time of the following appointment, Gall had been arrested for violating probation. Agent Double informed Lindemuth about the items found

in Gall's apartment and she discharged him from treatment. She testified that if Gall had admitted he was struggling after the first lapse, she would have continued with treatment to address those feelings.

Gall testified that he was difficult to contact because his phone rejected private phone numbers and he did not know how to fix that issue. He said that his mental health deteriorated between his release and January 2021 because he was not on medication. He said that he relied on friends' phones much of the time, and that he did not look through the phones because they did not belong to him. He said one of the phones seized by Agent Double belonged to a friend who was charging it at his apartment and that other friends had given him phones to repair. He said the pornographic books, including the children's book, were items he brought home from prison but did not use. He said his current mental health medications were effective and that he would comply with treatment if released.

At the conclusion of the hearing, the trial court found Gall in violation of his probation and deferred sentencing. At sentencing, Gall once again testified and said that he had identified a new sex offender counselor with an office in Butler. He said that she offered phone and in-person treatment, and he would be able to walk to appointments without relying on anyone for a phone or transport. He had not spoken directly with the counselor.

Gall's counsel argued for a sentence of time served and continued probation because he had been cooperative at some of the counseling sessions

and had only struggled to attend sessions because he could not afford his own phone. He said Gall suffered from ADHD, anxiety and depression and struggled to maintain focus on his counseling obligations when he was not properly medicated. He pointed out that Gall had only committed a technical violation and it was his first violation. He was able to work and had planned to start working for a newspaper before he was arrested.

The Commonwealth argued based on the testimony from the ***Gagnon II*** hearing that Gall had never complied with the terms of his probation and was detained less than a year after his release from prison. It pointed out that Gall had multiple phones, and that the information found on those phones indicated that they belonged to him. It argued that the phone problems were fabricated to avoid treatment, he could easily attend treatment by phone, and he had lied to Lindemuth about using pornography and filing a PCRA petition. It also pointed out that Gall had not complied with GPS monitoring and possessed multiple pornographic items, including the children's book with photos pasted inside. It asked that Gall be sentenced to incarceration.

Gall spoke once again and said that he had accidentally let his GPS monitoring device run out of charge because he did not realize the charging device was not properly plugged in. He said that his mental health medications were effective beginning in 2021, and he was better able to focus and could comply with treatment. Finally, he indicated that he was still pursuing a PCRA petition and seeking counsel for that filing.

Without objection, the trial court reviewed the presentence investigation report (PSI) filed prior to Gall's initial sentencing in 2012. It noted that he had 20 adult arrests and convictions and no employment history. He was treated for depression and bipolar disorder. The trial court indicated that it also considered the testimony from the violation hearings, the case file and the procedural history of the case, and believed that total confinement was necessary. Accordingly, it revoked the 60 months of probation at one count of indecent assault of a child and resentenced Gall to 24 to 60 months of confinement. The sentences of probation at the other two counts remained intact for an aggregate sentence of 24 to 60 months' incarceration followed by 120 months of probation. Gall timely appealed and he and the trial court have complied with Pa. R.A.P. 1925.

## II.

## A.

First, Gall challenges the sufficiency of the evidence to revoke his probation.[4] He argues that the Commonwealth failed to establish that he

---

[4] "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Giliam**, 233 A.3d 863, 866-67 (Pa. Super. 2020) (citation omitted). Whether the Commonwealth has presented sufficient evidence to establish that the defendant violated a specific term of probation is a question of law and we view all evidence in the light most favorable to the Commonwealth as the verdict winner. **Commonwealth v. Koger**, 255 A.3d 1285, 1289 (Pa. Super. 2021).

violated a specific term of his probation because the trial court did not advise him of any conditions at his original sentencing in 2012. He contends that because the trial court did not impose any specific conditions at his sentencing hearing, the revocation of his probation was in violation of our Supreme Court's decision in **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019).

Initially, we note that

Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence. As our Supreme Court has explained, preponderance of the evidence is a more likely than not inquiry, supported by the greater weight of the evidence; something a reasonable person would accept as sufficient to support a decision.

**Commonwealth v. Parson**, 259 A.3d 1012, 1019 (Pa. Super. 2021) (cleaned up).

In **Foster**, the trial court revoked the defendant's probation after the Commonwealth presented evidence that he had posted photos on social media depicting guns, drugs, cash and the sentencing order from his case with captions lamenting that he "[c]ouldn't beat the case." **Id.** at 1243-45. Without finding that the defendant had committed a new crime, the trial court revoked probation, reasoning that the images demonstrated that he was not amenable to rehabilitation and that probation was ineffective to deter future criminal conduct.

Our Supreme Court reversed, holding that a trial court may revoke probation only after finding by a preponderance of the evidence that the defendant violated a specific condition of probation. *Id.* at 1250 (citing 42 Pa.C.S. § 9771(b)). The trial court must specify the conditions that apply to probation at sentencing. *Id.* at 1249 (citing 42 Pa.C.S. § 9754(b) ("The court shall attach reasonable conditions . . . as it deems necessary to ensure or assist the defendant in leading a law-abiding life.")). A finding that the defendant was unamenable to rehabilitation, untethered to a violation of a specific condition of probation, is insufficient to support revocation. *Id.* at 1250. Under these statutes, "a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition." *Commonwealth v. Koger*, 255 A.3d 1285, 1291 (Pa. Super. 2021).

Our review of the record confirms that the trial court did not impose any specific conditions of probation on the record at Gall's initial sentencing hearing in 2012. However, the written sentencing order which was docketed that same day included the following language: "Defendant is to be placed on probation for a period of <u>60 months on cts 31, 32, 33 consecutive – 180 months</u> with the <u>State</u> Probation Board and must attend any counseling as

directed by probation officer." Sentence, 12/5/2012, at unnumbered 2.[5] The order was served on Gall's attorney the following day.

Thus, contrary to Gall's assertions, he was informed at his initial sentencing that cooperation with counseling was a condition of his probation. The sentencing order, with the enumerated conditions, complies with 42 Pa.C.S. § 9754(b)'s mandate that the trial court attach specific conditions of probation to a probation order.[6] Because he was advised that he was required to comply with this condition, **Foster** and **Koger** are inapposite and he is entitled to no relief.[7]

**B.**

Next, we address Gall's challenges to the discretionary aspects of his sentence.[8] First, Gall contends the trial court abused its discretion by failing

---

[5] The underlined portions were handwritten onto the form probation order.

[6] In its opinion, the trial court agreed with Gall that it did not impose specific conditions at the time of the initial sentencing hearing. Trial Court Opinion, 8/17/21, at 3. It did not acknowledge that the written sentencing order docketed that same day included the specific condition of probation Gall was charged with violating. Nevertheless, we may affirm the trial court's order on any basis apparent from the record. **Commonwealth v. Clouser**, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

[7] Gall does not challenge the trial court's factual determination that he failed to comply with sex offender counseling.

[8] Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

to consider all required sentencing factors under 42 Pa.C.S. § 9721(b), resulting in a manifestly unreasonable and disproportionate sentence. He claims that the trial court further abused its discretion by failing to order a new PSI when nine years had passed since the preparation of the report for his initial sentencing hearing. Finally, he contends the trial court abused its discretion in resentencing him to total confinement for technical probation violations without meeting the requirements of 42 Pa.C.S. § 9771(c).

Before we may address the merits of his claims, we must determine whether Gall has properly invoked this Court's jurisdiction. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Pa. R.A.P. 2119(f) in his brief, and raise a substantial question for review. *Id*. Accordingly, "[o]bjections to

---

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Bradley***, 232 A.3d 1131, 1138 (Pa. Super. 2020); ***see also*** Pa. R.A.P. 302(a).

As the trial court and Commonwealth have pointed out, Gall did not preserve his claims by filing a post-sentence motion. Trial Court Opinion, 8/17/21, at 7; Commonwealth's Brief at 8-9. Moreover, Gall did not request a new PSI prior to resentencing or object to the trial court's reliance on the 2012 PSI. In his brief, Gall asserts that he preserved his sentencing claims "at sentencing when defense counsel did not acquiesce to the Commonwealth's recommendation of a state prison sentence and instead, argued for a period of probation." Gall's Brief at 31.

Our review of the transcript of the sentencing hearing reveals that Gall did not raise the claims he presents on appeal at that time. While he did argue for a period of probation before the trial court imposed the sentence, he did not argue *after* the trial court placed its reasons for the sentence on the record that it had failed to consider required sentencing factors, relied on a stale PSI, imposed a manifestly excessive or unreasonable sentence or did not meet the statutory requirements for a sentence of total confinement. Because he failed to present these claims at the sentencing hearing or in a post-sentence motion, the trial court had no opportunity to reconsider the sentence based on those arguments. Accordingly, they are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022