J-S06024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMAL PRESSLEY | : | |
| | : | |
| Appellant | : | No. 1615 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 20, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001532-2018

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 2, 2022**

Jamal Pressley appeals from the judgment of sentence entered following a finding that he violated probation. Pressley argues the evidence did not support a finding that he violated probation because the trial court did not inform him of the specific conditions of probation at the time of sentencing. We affirm the judgment of sentence.

In December 2018, Pressley pled guilty to firearms not to be carried without a license. 18 Pa.C.S.A. § 6106(a)(1). The trial court sentenced him to three to 23 months' incarceration and three years' reporting probation. At the sentencing, the court stated: "There will be a three year probation consecutive to the parole. He will forfeit the firearm. He'll pay the costs. He will comply with any special conditions of probation and parole." N.T., 12/27/18, at 8. The sentencing order provided, among other things, that Pressley "shall comply with any special conditions of probation . . . imposed by the Montgomery

County Adult Probation . . . Dept. or the PA Board of Probation and Parole" and that "Defendant shall pay the monthly offender supervision fee." Trial/Plea/Sentence, dated Dec. 27, 2018.

In May 2021, the Montgomery County Probation Department issued to Pressley a Notice of Violation, listing three alleged violations: 1) Pressley was arrested in April 2021 in Philadelphia for possessing a controlled substance, driving under the influence, and other offenses; 2) Pressley failed to abstain from the unlawful possession, use or sale of narcotics or other dangerous drugs and drug paraphernalia; 3) Pressley failed to pay fines, costs and/or restitution. In July 2021, the court held a *Gagnon II*[1] hearing, where Pressley stipulated that he violated probation based on count one, his arrest on new charges, and count 3, failure to pay fines and/or costs. The trial court revoked probation. The trial court imposed an aggregate sentence of time served to 12 months of imprisonment followed by one year of probation. Pressley filed a timely Notice of Appeal.

Pressley raises the following issues:

> I. Was the sentence imposed by the [c]ourt on July 20, 2021 an illegal sentence since the Commonwealth failed to present evidence of the actual terms and conditions of defendant's probation and parole as required by *Com[monwealth] v. Koger*, [255 A.3d 1285 (Pa.Super. 2021); failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for defendant?

_____

[1] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

II. Was the evidence at the July 20, 2021 *Gagnon II* hearing insufficient to establish a *Gagnon* violation since the Commonwealth failed to present evidence of the actual terms and conditions of defendant's probation and parole as required by *Com[monwealth] v. Koger*, [255 A.3d 1285 (Pa.Super. 2021); failed to establish a violation of a specific condition of probation as required by *Koger*; and failed to establish a new criminal conviction for defendant?

Pressley's Br. at 3. We will address Pressley's claims together.

Pressley argues his sentence is illegal because the Commonwealth failed to present evidence of the actual terms and conditions of probation and parole or evidence he violated a specific condition of probation. Pressley relies on *Commonwealth v. Foster*, 214 A.3d 1240 (Pa. 2019), to argue that revocation of probation is not proper unless the Commonwealth established the defendant violated a specific condition of probation. Further, he relies on *Commonwealth v. Koger*, 255 A.3d 1285 (Pa.Super. 2021), to argue that if a trial court does not advise a defendant of the conditions of probation or parole at sentencing, the Commonwealth cannot prove a defendant violated the condition. Pressley maintains that his stipulation to the arrest and violation does not make the sentence legal, as the violation cannot stand if the court lacked the authority to impose the sentence. He maintains the Commonwealth failed to present evidence of the terms and conditions of Pressley's probation and therefore could not establish a violation. He argues that an "arrest alone does not provide a valid basis for revocation." Pressley's Br. at 17.

In *Foster*, the Pennsylvania Supreme Court concluded a court may find a defendant in violation of probation only where it finds, "based on the

preponderance of the evidence, that the probationer violated a specific condition of probation *or committed a new crime*." 214 A.3d at 1243 (emphasis added). In **Koger**, we concluded that because the trial court did not impose at sentencing any specific probation or parole conditions, the court could not subsequently find the defendant violated a specific condition of his probation or parole. 255 A.3d at 1291. There, the trial court did not advise the defendant at the time of sentencing of the conditions of his probation. Rather, a probation officer explained the rules, regulations, and conditions immediately after sentencing. This Court concluded the trial court erred in failing to specifically advise the defendant of the conditions of his probation at the time of his initial sentencing. **Id.** at 1290.[2]

Here, the court found Pressley violated probation based on a failure to pay fines and costs and the arrest for new criminal conduct. At the original

_____

[2] The Court in **Foster** stated that:

> [Section 9754(b) of the Sentencing Code] requires that [t]he **court** shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life. 42 Pa.C.S. § 9754(b) (emphasis added). The failure to do so is a violation of this statutory mandate. While this Court has recognized that probation officers may, consistent with their statutory authority, impose specific conditions of supervision pertaining to the defendant's probation, **see** 61 Pa.C.S. §§ 6131(a)(5)(ii), 6151, any supervision conditions imposed must be in furtherance of the trial court's conditions of probation.

**Foster**, 214 A.3d at 1244 n.5 (quotation marks & some citations omitted).

- 4 -

sentencing, the trial court informed Pressley that he had to pay costs. Because it informed Pressley of the requirement to pay costs, it did not err in finding that he violated probation when he failed to pay. Further, as the Supreme Court in **Foster** made clear, a court may find a violation based on new criminal conduct. Here, Pressley was arrested for new criminal conduct. He stipulated that he violated probation due to the arrest on new criminal charges. The court did not err in finding Pressley violated probation based on the new criminal conduct.

To the extent Pressley argues that the court could find a violation only with proof of a criminal conviction, we disagree. At a probation hearing, a court applies a preponderance of the evidence standard to determine whether a violation occurred. **Foster**, 214 A.3d at 1244 n.4. A court may delay a probation violation hearing until after the trial outcome on the new charges. **Commonwealth v. Giliam**, 233 A.3d 863, 868 (Pa.Super. 2020). Further, if a violation of probation is based on allegations of new criminal charges for which the defendant later is acquitted, the probation violation is void. **Id.** However, there is no requirement that the court must wait for the trial outcome of the new charges. **Id.** at 869 (noting it is preferable to defer a violation of probation hearing until resolution of the new charges, but such deferral is not required). Rather, the court can proceed on the probation violation prior to the criminal trial. Here, Pressley stipulated that he was arrested for new criminal conduct. He did not seek to delay the probation hearing until an outcome of any trial and there is nothing in the record to

- 5 -

establish he was acquitted of charges related to the new conduct. It was not error for the court to conclude, based on Pressley's stipulation, that Pressley violated probation by engaging in new criminal conduct.

Similarly, we reject Pressley's argument that his revocation was based solely on an arrest. Probation may not be revoked based on an arrest unless there is additional evidence of facts to support the new charges. ***See Commonwealth v. Moriarty***, 180 A.3d 1279, 1286 (Pa.Super. 2018). Here, the violation was not based solely on the arrest. Rather, it was based on Pressley's stipulation that he violated probation by being arrested for new criminal charges.

Judgment of sentence affirmed.

Judge King joins the memorandum.

Judge Kunselman files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2022