J-S26026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY EDWARD HOSLER | : | |
| | : | |
| Appellant | : | No. 99 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002137-2016

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY KUNSELMAN, J.: **FILED: JUNE 29, 2023**

I concur with the Majority but write separately to address a few other points.  First, I agree with the Majority that Appellant could have been more specific in his points of error.   Nonetheless, his points of error are discernable. His main complaint on appeal is that the trial court acted prematurely by revoking his probation before he was convicted on the new charges.   He claims:

> I found a few matters seemingly judged in a premature manner based upon irrelevant opinion. ***At the time of the revocation hearing[,] I was still, very much, fighting my case to which spawned my revocation***. . . . ]  [The trial court revoked] my probation solely because I am a "drug dealer."  None of my priors support such an outlandish statement ***nor [were] my open charges settled***.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant's *Pro Se* 1925(b) Statement, 3/24/23, at 2 (unpaginated) (emphasis added).

Although Appellant's point is well taken, his argument fails. We have often cautioned trial judges who revoke probation based solely on new charges before the resolution of the new charges. If a defendant is ultimately acquitted of the new charges, then the revocation sentence cannot stand. That is exactly what happened in **Commonwealth v. Giliam**, 233 A.3d 863 (Pa. Super. 2020), where the trial court had revoked probation based on new charges of which the defendant was ultimately acquitted. This Court held that because the defendant's violation of probation was based solely on allegations of new criminal charges for which he was later acquitted, ultimately, no violation of probation occurred. Consequently, we concluded that his probation revocation sentence was void. **Id.** at 868. In **Gilliam** we noted that "[t]he instant case exemplifies why, **as a practical matter**, the appellate courts have cautioned against proceeding with a probation violation hearing before the trial on new charges where, as here, the new charges are the sole basis for the alleged probation violation." **Id.** at 869 (emphasis added).

Nevertheless, Appellant's argument here fails for two reasons. Even though the better practice may have been to wait until resolution of the new charges, the trial court was permitted to proceed with the probation revocation hearing before the hearing on the new charges; in other words, the court was not required to wait on the revocation hearing as Appellant suggests.

Moreover, here, Appellant ultimately plead guilty to the new charges, so his challenge here is moot.

Second, I agree with the Majority that Appellant waived any argument with respect to the discretionary aspects of his sentence.  But I note that if it were properly preserved, this challenge would also fail.   Appellant claims a full revocation of probation and imposition of jail time is not warranted because he was almost done serving his original 18-month sentence when he committed the new charges.  "Also I feel a full revocation when, by the time, 17 ½ months of an 18 month probation to be turned to a 12 to 24 month sentence is a bit excessive without a supporting verdict."  Appellant's *Pro Se* 1925 (b) Statement, 3/24/23, at 2 (unpaginated).

Ultimately, there was a supporting conviction on the new charges.  And, regardless of how far along he was, Appellant was still on probation at the time he reoffended.  He knew he needed to be "extra careful" during his probation time, and he was not.   Thus, he is subject to penalties both for his new crime and the crime of violating his probation.  Trial courts do not give special consideration to whether a defendant is "almost done" serving probation when he reoffends.

Thus, I concur with the Majority that Appellant's probation revocation sentence should be affirmed.