J-S45035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMERON SETH WOLFE | : | |
| | : | |
| Appellant | : | No. 561 MDA 2024 |

Appeal from the Judgment of Sentence Entered March 18, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000107-2023

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MARCH 13, 2025**

Cameron Seth Wolfe appeals from the judgment of sentence entered following the revocation of his probation. He argues the Commonwealth failed to prove he had notice of the condition of probation he allegedly violated. We vacate the judgment of sentence and remand for a new hearing.

In August 2023, Wolfe pleaded guilty to one count criminal mischief, 18 Pa.C.S.A. § 3304(a)(5). The trial court sentenced him to 12 months' probation. The sentencing order provided that the trial court "impose[d] general conditions of supervision (see attached) governing probation and parole in Northumberland County." Order, filed Aug. 7, 2023. The attached Northumberland County General Conditions of Supervision included that Wolfe would "refrain from violation of any Protection from Abuse Orders, local, state, or federal penal laws" and would "refrain from behavior that threatens or

presents danger to yourself or others." Northumberland County General Conditions of Supervision, filed Aug. 7, 2023.

In February 2024, the Commonwealth filed a petition to revoke probation, alleging Wolfe violated the conditions of his probation by failing to refrain from the violation of state penal laws and failing to refrain from behavior that threatened present danger to himself or others. The petition was based on new charges filed in January 2024 alleging Wolfe committed the crimes of terroristic threats with intent to terrorize, harassment, and disorderly conduct-engaging in fighting.

The trial court accurately summarized a March 2024 hearing on the petition:

> At the hearing a status report for revocation was given to counsel for [Wolfe] and the [c]ourt outlining [Wolfe's] prior supervision history, prior revocations, the allegations of the new charges and probation's recommendation for sentencing in the event of a revocation. Mr. David Wondoloski, a supervisor at Northumberland County Probation and Parole testified for the Commonwealth. Supervisor Wondoloski testified that he was familiar with [Wolfe's] case. Supervisor Wondoloski testified that the Petition for revocation was filed based on new charges against [Wolfe] as well as behavior that created a danger to himself or others. (Notes of Testimony, Revocation hearing March 19, 2024, page 5 lines 3-11, and page 8-9, lines 24-25 and 1-9).

Trial Court Opinion, filed Aug. 13, 2024, at 1-2. At the hearing, Wolfe argued the Commonwealth "charg[ed] [Wolfe] with probation violations based on acquiring new charges in a case where he maintains his innocence." N.T., Mar. 19, 2024, at 10. He maintained the Commonwealth had a burden to show the

condition Wolfe violated and noted the Commonwealth provided no evidence Wolfe received notice of any probation conditions. The court revoked Wolfe's probation, reasoning that Wolfe had received new criminal charges:

> [T]his is something that is automatic, something that has been part of every single probation revocation hearing I have ever been involved with. If you pick up new charges, you violate your probation.
>
> Therefore, the [c]ourt finds that the defendant violated the conditions of his supervision.

N.T., Mar. 19, 2014, at 11. The court sentenced him to nine to 24 months' incarceration. Wolfe timely appealed.

Wolfe raises the following issues:

> 1. The Northumberland County PA Court of Common Pleas failed to adequately weigh the evidence presented at the hearing regarding sufficient notice of the condition(s) of probation that were allegedly violated in granting the Petition(s) to Revoke Probation in the above case.
>
> 2. The Northumberland County PA Court of Common Pleas failed to adequately weigh the standards set forth in the Pennsylvania Rules of Criminal Procedure and/or articulate reason(s) for imposing a State Correctional Institution sentence in deciding to grant the Petition(s) to Revoke Probation in the above case.
>
> 3. The Northumberland County PA Court of Common Pleas failed to adequately weigh the originally imposed sentence of probation only in light of the severity of the alleged violation(s) in imposing a State Correctional Institution sentence when deciding to grant the Petition(s) to Revoke Probation in the above case.

Wolfe's Br. at 8 (common pleas court rulings omitted).

Wolfe first argues the trial court failed to weigh the evidence regarding notice of the conditions of probation that were violated. He maintains the

- 3 -

Commonwealth failed to produce evidence that Wolfe received notice of the original sentencing condition of probation that he allegedly violated.

When reviewing an order revoking probation this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*). Generally, "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014) (citation omitted).

A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation or 2) committed a new crime. 42 Pa.C.S.A. § 9771; **Commonwealth v. Foster**, 214 A.3d 1240, 1243 (Pa. 2019). "These are the only grounds on which a court can find that a defendant violated his or her probation." **Commonwealth v. Giliam**, 233 A.3d 863, 867 (Pa.Super. 2020). "[T]he [trial] court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." **Foster**, 214 A.3d at 1243. "[P]robation cannot be revoked solely on the basis of an arrest." **Commonwealth v. Allshouse**, 969 A.2d 1236, 1243 (Pa.Super. 2009); *accord **Commonwealth v. Sims***, 770 A.2d 346, 352

(Pa.Super. 2001) (arrest and waiver of preliminary hearing not sufficient to revoke probation or parole without "facts to support the arrest").

The trial court concluded that it was "automatic" that a defendant would violate probation if he "pick[ed] up new charges." N.T., Mar. 19, 2014, at 11. In its Rule 1925(a) opinion, the court stated it "was aware of the general conditions of probation and the fact that they are imposed on every [d]efendant who is sentenced to probation." Trial Ct. Op., at 3.

Contrary to the trial court's finding, it is not a general condition of probation that the defendant not be arrested for or charged with new criminal conduct. Rather, the General Conditions of Supervision require that a defendant "refrain from violation of any Protection from Abuse Orders, local, state, or federal penal laws." Northumberland County General Conditions of Supervision, filed Aug. 7, 2023. A court cannot find a violation based on the conditions of probation or committing a new crime unless it finds the Commonwealth established by a preponderance of the evidence that the defendant violated a condition of probation or committed a new crime. **Foster**, 214 A.3d at 1243.

Here, the trial court revoked probation based on a finding that Wolfe "picked up" new charges. Because merely refraining from "picking up" new charges was not a condition of Wolfe's probation, the court's notice analysis is flawed. The court made no finding as to whether the Commonwealth established by a preponderance of the evidence that Wolfe engaged in conduct

that violated a criminal law or condition of probation.[1] Being arrested for new charges does not equate to violating a criminal law. We find this was error and we remand to the trial court for a new probation revocation hearing. Because we find Wolfe's first issue has merit and remand for a new hearing, we need not address his remaining issues.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025

---

[1] The petition also alleged that Wolfe's conduct violated the condition requiring him to "refrain from behavior that threatens or presents danger to yourself or others." Petition to Revoke Probation, filed Feb. 21, 2023, at 1-2. The court made no finding as to whether the Commonwealth established Wolfe violated this condition.