J-S10020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS GEORGE DEGARMO | : | |
| | : | |
| Appellant | : | No. 225 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 19, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000563-2009

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 15, 2022**

Marcus George Degarmo appeals the judgment of sentence entered after he was found in violation of probation ("VOP"). Degarmo's counsel filed an ***Anders*** brief and Petition to Withdraw as Counsel.[1] We affirm the judgment of sentence and grant counsel's Petition.

Degarmo pled guilty to aggravated assault in August 2009. The trial court sentenced him to five to 10 years' incarceration followed by a consecutive term of 10 years of reporting probation.

The court revoked Degarmo's probation in January 2021, after Degarmo committed new criminal offenses that led to him being found guilty of several new counts including two counts each of criminal solicitation – rape of a child,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

criminal solicitation – indecent assault of a child, and criminal solicitation – child pornography; three counts of unlawful contact with a minor; four counts of criminal use of a communication facility; and one count each of corruption of minors, endangering the welfare of children, and criminal attempt – child pornography. The court considered the Probation Department's recommendation for sentencing, Degarmo's behavior, and the protection of the victims. *See* Rule 1925(a) Opinion ("1925(a) Op.), filed 6/9/21, at 5. The trial court sentenced Degarmo to one to three years' incarceration to run consecutive to his sentence of 31 to 62 years' incarceration for his new convictions. Degarmo did not contest the VOP sentence at the sentencing hearing and did not file a post-sentence motion. This timely appeal followed. The court ordered Degarmo to file a Rule 1925(b) statement of matters complained of on appeal and counsel complied, raising the following issues:

1. [Degarmo] argues that the revocation and resentencing on the captioned docket was done in error because the conviction for a new criminal charge under docket 661-2019, which was cited as the reason for the revocation, was based on insufficient evidence.

2. [Degarmo] also argues that in light of the above, the [c]ourt abused its discretion in resentencing him to a one (1) to three (3) year sentence of state incarceration.

Pa.R.A.P. 1925(b) Statement, filed 3/15/21.

Appellate counsel, who is different from counsel who filed the Rule 1925(b) statement, filed in this Court a Petition to Withdraw as Counsel and an *Anders* brief. Before addressing any substantive claims, we must first

- 2 -

determine whether counsel has complied with the procedural requirements to withdraw as counsel. *Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa.Super. 2020).

An *Anders* brief is filed when counsel believes that the appeal is wholly frivolous and wishes to withdraw from representation of the appellant. To withdraw, counsel must: "(1) petition the court for leave to withdraw, stating that after a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous;" (2) file a brief referring to any issues in the record of arguable merit; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. *Id.* at 1015; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1195-96 (Pa.Super. 2018) (*en banc*) (reviewing requirements for withdrawal under *Anders*).

The *Anders* brief should include the following: (1) a summary of the procedural history and facts, with citations to the record; (2) reference to anything in the record that counsel believes arguably supports the appeal; (3) counsel's conclusion that the appeal is frivolous; and (4) a statement of counsel's reasons for concluding that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id.*

Counsel has met all the requirements. Counsel filed a petition to withdraw, stating that she made a conscientious examination of the record and determined that the appeal is frivolous. *See* Petition to Withdraw as Counsel, filed 1/6/22, at ¶ 9. Counsel also filed a brief referring to the two issues in the record that Degarmo believed to have arguable merit. Counsel's brief provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel believes those issues are frivolous. *See Anders* Br. at 8-16. Counsel also furnished a copy of the brief to Degarmo along with a letter advising him of his right to retain new counsel or raise any additional points that he believes the court should review.

Degarmo has not filed a response, either *pro se* or by private counsel, to the *Anders* brief. We therefore address the issues identified by counsel.

Counsel identifies two substantive issues:

I. Whether there was sufficient evidence under a new criminal conviction to revoke and resentence [Degarmo] for a probation violation[?]

II. Whether the sentence imposed upon [Degarmo] at the time he was revoked and resentenced for a probation violation was excessive and an abuse of the court's discretion[?]

*Anders* Br. at 7.[2]

_____

[2] Counsel's brief includes a third issue: "Whether a Petition for Permission to Withdraw as Counsel should be granted where counsel has investigated the possible grounds for appeal and finds the appeal frivolous[?]" *Anders* Br. at 7. This issue follows our consideration of whether the appeal is frivolous.

Counsel maintains that Degarmo alleges that there was insufficient evidence to revoke his probation, specifically the new convictions.

Our standard of review for the revocation of probation is an abuse of discretion. *See Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa.Super. 2020). Our scope of review is limited to reviewing whether the reason for the revocation proceeding is valid, the legality of the sentence, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa.Super. 2013) (*en banc*). A trial court has jurisdiction to revoke probation "only 'upon proof of the violation of specified conditions of the probation.'" *Commonwealth v. Foster*, 214 A.3d 1240, 1250 (Pa. 2019) (quoting 42 Pa.C.S.A. § 9771(b)) (emphasis omitted). If the court revokes probation, it may only resentence the defendant to serve a term of incarceration if "(1) the defendant was convicted of a new crime; (2) the defendant's conduct makes it likely that he or she will commit a new crime if not incarcerated; or (3) incarceration 'is essential to vindicate the authority of the court.'" *Id.* (quoting 42 Pa.C.S.A. § 9771(c)).

Here, a condition of Degarmo's sentence was that he refrain from receiving any new convictions. While on probation, Degarmo was found guilty of multiple crimes. The trial court found that he violated his probation because of the convictions. The trial court had sufficient evidence of the violation and

did not err in determining that Degarmo had violated his probation and imposing a term of incarceration for the violation.[3]

Regarding the second issue, counsel states that Degarmo believes that the court imposed a severe and excessive sentence. This claim challenges the discretionary aspects of the sentence. There is no automatic right of appellate review of such a challenge. **Cartrette**, 83 A.3d at 1042. Before reviewing such a claim, we must first determine whether the appellant has: (1) filed a timely notice of appeal; (2) properly preserved the issue at sentencing or in a post-sentence motion; (3) filed a brief that includes a Pa.R.A.P. 2119(f) statement; and (4) has demonstrated a substantial question that the sentence is not appropriate under the Sentencing Code. **See** 42 Pa.C.S.A. § 9781(b); **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013).

Here these requirements are not met. While Degarmo filed a timely notice of appeal, he did not preserve his challenges to his sentence at the sentencing hearing or in a post-sentence motion. Degarmo has therefore waived his challenge to his sentence. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Our independent review of the record reveals no non-frivolous claims that could be raised on appeal. We affirm the judgment of sentence and grant counsel's Petition to Withdraw as Counsel.

---

[3] The trial court judge that initially accepted Degarmo's guilty plea in 2009 is the same judge that presided over his jury trial that resulted in the multiple convictions.

Judgment of sentence affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022