J-S12024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN ROBERT LANG JR. | : | |
| | : | |
| Appellant | : | No. 1295 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002992-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN ROBERT LANG | : | |
| | : | |
| Appellant | : | No. 1296 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002989-2008

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: SEPTEMBER 6, 2023**

In these consolidated appeals,[1] Stephen Robert Lang (Appellant) appeals, *nunc pro tunc*, from the judgments of sentence entered in the Dauphin County Court of Common Pleas, following the fourth revocation of his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court consolidated these appeals *sua sponte*.  Order, 11/29/2022.

probation imposed at two trial court dockets.  On appeal, Appellant argues that the trial court improperly revoked his probation sentences for violations of conditions that were not provided to him at the time of sentencing and challenges the discretionary aspects of his probation revocation sentence.  For the reasons below, we affirm.

In 2008, at three separate dockets, Appellant was charged with sexual offenses committed against three minor female victims.  At trial docket CP-22-CR-0002989-2008 (Docket 2989-2008), he was charged with aggravated indecent assault, unlawful contact with a minor,[2] and related offenses for his assault of a 17-year-old victim between December of 2007 and January of 2008.  *See* N.T., 3/15/10, at 13.  At trial docket CP-22-CR-0002991-2008 (Docket 2991-2008), Appellant was charged with incest[3] and related offenses for engaging in sexual intercourse with his 17 to 18-year-old biological daughter between July of 2007 and April of 2008.[4]  *See id.* at 14.  Lastly, at trial docket CP-22-CR-0002992-2008 (Docket 2992-2008), he was charged

---

[2] 18 Pa.C.S. §§ 3125(a)(1), 6318(a)(1).  Appellant also was charged at Docket No. 2989-2008 with indecent assault, corruption of minors, and furnishing liquor to a minor.  *See* 18 Pa.C.S. §§ 3126(a)(1), 6301(a)(1), and 6310.1(a), respectively.

[3] 18 Pa.C.S. § 4302.  At this docket, Appellant was also charged with indecent assault and furnishing liquor to a minor.

[4]  Docket No. 2991-2008 is not at issue in this appeal.  At some point prior to the present revocation proceedings, Appellant "maxed out" his time at that docket and it was closed.  *See* N.T., 4/19/22, at 5.

- 2 -

with statutory sexual assault,[5] unlawful contact with a minor, and related offenses for his sexual assault of a 13-year-old victim in February of 2008. *See id.* at 15.

On March 15, 2010,[6] Appellant entered a no contest plea to the charges at Dockets 2989-2008 and 2992-2008, and a guilty plea to the charges at Docket 2991-2008. Pursuant to the parties' agreement, the trial court imposed an aggregate sentence of 5 to 10 years' imprisonment, followed by 20 years' probation. In summary, for the leading charge at each docket (aggravated indecent assault, incest, and statutory sexual assault), the court imposed a term of incarceration, followed by a consecutive term of probation, and directed that the sentences imposed at each separate docket run consecutively to the other dockets. *See* Sentencing Order, 3/15/10, at 1-5 (unpaginated). Additionally, at Dockets 2989-2008 and 2992-2008, the court imposed the same split sentence for the charges of unlawful contact with a minor, directing that those sentences run concurrently to the leading charge at each docket. *See id.* at 2-3, 5. The court imposed concurrent probationary sentences for the remaining convictions. *See id.* at 1-6. As part of the plea agreement, Appellant also agreed that he would be characterized as a sexually

_____

[5] 18 Pa.C.S. § 3122.1. Appellant was also charged at that docket with indecent assault, corruption of minors, and furnishing liquor to a minor.

[6] Originally, Appellant entered guilty pleas at all three dockets in August of 2009, but moved, and was granted permission, to withdraw those pleas prior to sentencing. *See* Order, 11/2/09.

violent predator under the then-applicable Megan's Law.[7] **See** N.T., 3/15/10, at 4, 10, 26.

Appellant did not file a direct appeal. He did, however, file a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act (PCRA),[8] which the PCRA court denied. A panel of this Court affirmed the ruling on appeal. **See Commonwealth v. Lang**, 2058 MDA 2011 (unpub. memo.) (Pa. Super. Nov. 8, 2012).

The record reflects that between January 2019 and December of 2020, Appellant's probationary sentences for aggravated indecent assault and unlawful contact with a minor at Docket 2989-2008, and statutory sexual assault and unlawful contact with a minor at Docket 2992-2008, were revoked three times. On January 22, 2019, the trial court resentenced Appellant to concurrent terms of 60 months' probation for each of the offenses. Following a second revocation, on September 17, 2019, the court again resentenced Appellant to concurrent terms of 60 months' probation for each of the four pertinent offenses.[9]

---

[7] **See** 42 Pa.C.S. § 9791-9799.9 (expired). Megan's Law was subsequently replaced by the Sexual Offender's Registration and Notification Act (SORNA), which will determine Appellant's registration requirements upon his release from prison. **See** 42 Pa.C.S. § 9799.54(a)(1).

[8] 42 Pa.C.S. §§ 9541-9545.

[9] The commitment orders entered on January 22, 2019, and September 17, 2019, also note that the revocations sentences would run concurrently with Appellant's remaining sentence at Docket 2991-2008. **See** Commitment Orders, 1/22/19; Commitment Orders, 9/17/19.

However, after Appellant's probation was revoked a third time, on December 15, 2020, the court resentenced Appellant as follows: (1) at Docket No. 2989-2008, a term of 11½ to 23 months' imprisonment, followed by a consecutive 36 months' probation for aggravated indecent assault, and a **concurrent** term of 24 months' probation for unlawful contact with a minor; and (2) at Docket 2992-2008, a term of 11½ to 23 months' imprisonment, followed by a consecutive 36 months' probation for statutory sexual assault, and a **concurrent** term of 24 months' probation for unlawful contact with a minor. The court directed that the sentences at Docket 2992-2008 run concurrently with those imposed at Docket 2989-2008. **See** Commitment Orders, 12/15/20. Notably, on both orders the court included the following restrictions: "[M]ust comply w/sex offender conditions. **No cell phone use**." **See id.** (emphasis added).

Appellant was paroled on June 16, 2021. However, he was detained again in late October of 2021, for alleged probation/parole violations. On November 24, 2021, Appellant filed a petition for writ of habeas corpus, seeking to dismiss the probation/parole violations. He asserted that he was detained "for allegedly violating his [probation and] parole by failing to participate" in sex offender treatment, "for possessing pornographic pictures and videos on his cell phone, for maintaining accounts on dating websites[,]" and "for failing to make bi-weekly or monthly payments on fees, fines, and court costs." Appellant's Petition for Writ of Habeas Corpus: Motion to Dismiss Parole and Probation Violations, 11/24/21, at 2. Relying on the then-recent

decision of this Court in ***Commonwealth v. Koger***, 255 A.3d 1285 (Pa. Super. Jun. 4, 2021), *rev'd in part*, 295 A.3d 699 (Pa. May 16, 2023),[10] he argued that because the sentencing court "never advised [him] of the conditions of his probation and parole at the time of sentencing[,]" the Commonwealth could not prove he committed any violations of his probation or parole. ***See*** Appellant's Petition for Writ of Habeas Corpus: Motion to Dismiss Parole and Probation Violations, at 2. The Commonwealth filed a response, asserting that Appellant's case was "factually distinguishable from ***Koger***[,]" because Appellant was "specifically advised" at the December 2020 revocation sentencing hearing "that he was not permitted to use a cell phone[,]" and he was detained, in part, for using a cell phone. ***See*** Commonwealth's Response to Appellant's Petition for Writ of Habeas Corpus: Motion to Dismiss Parole and Probation Violations, 1/10/22, at 2 (unpaginated).

On April 19, 2022, the trial court conducted a combined habeas corpus and revocation hearing. Appellant's probation officer, Michael Heisey (PO Heisey), explained the circumstances that led to Appellant's current revocation proceedings. PO Heisey testified that he drove by Appellant's residence in October of 2021, and noticed Appellant's car parked outside at a time when

---

[10] In ***Koger***, a panel of this Court held that a defendant may not be found to have violated any conditions of his probation **or** parole unless those conditions were specifically communicated by the trial court at the time of sentencing. ***See Koger***, 255 A.3d at 1290-91.

Appellant should have been at work.[11]    N.T., 4/19/22, at 10.   When he knocked on the door, he heard "scrambling inside[.]" *Id.*  Appellant "took a little while to answer the door[,]" and when he did, "a[n adult] female appeared like she was ready to leave." *Id.* at 11.  PO Heisey recognized the female as a known prostitute, but Appellant insisted that they were "just friends." *Id.*  The female told the officer that "she was there to borrow a screwdriver." *Id.*

PO Heisey testified that he permitted the female to leave, but noticed Appellant's "phone was on[.]" N.T., 4/19/22, at 11.  He asked Appellant about the phone, and Appellant "said it was okay for [him] to search it." *Id.*  PO Heisey "almost immediately" saw that Appellant was on various dating websites, was "communicating with numerous women, [and] getting nude photos of them" while they were "asking him for money . . . to continue talking with him[.]" *Id.*  Appellant was also "unsuccessfully discharged" from his treatment program at Commonwealth Clinical Group, as a result his "failure to follow treatment recommendations, dishonesty [and] persistence in sexually deviant . . . behaviors that place other people at risk, continue[d]

---

[11] PO Heisey stated that he had been Appellant's probation officer "since [Appellant] came out of state prison" and has had "countless encounters" with him.  N.T., 4/19/22, at 17.  He explained Appellant is "on a high level of supervision[,]" requiring a minimum of two in-person visits at Appellant's residence each month,  so it was not "uncommon for [the officer] to check on him[.]" *Id.*

reliance on factors associated with a cycle of abuse, and failure to be active and honest in treatment." *Id.* at 12-13.

Following PO Heisey's testimony, Appellant's counsel asked the trial court to dismiss the violations pursuant to *Koger*. *See* N.T., 4/19/22, at 24. Counsel argued that, at the time of the last sentencing hearing, Appellant was vaguely directed to follow "sex offender conditions" but "the specific conditions [were] still being given by Probation, not by the [trial c]ourt." *Id.* at 23. The Commonwealth repeated its assertion that *Koger* was "factually distinguishable" because, in the present case, Appellant was "specifically told" by the court at the December 2020 revocation sentencing hearing "that he was not to have a cell phone[.]" *Id.* at 24-25. Although Appellant's counsel argued that his "specific violations" were related to "the information that was on [his] cell phone, not [his] actual possession of it[]" the trial court disagreed, and concluded that Appellant violated the specific terms of his probation and parole. *See id.* at 27-28. Thus, it denied his habeas motion. *Id.* at 28. The court deferred sentencing so that the parties could determine the amount of time Appellant had served for each offense. *See id.* at 35.

On May 17, 2022, the parties reconvened for the revocation sentencing hearing. They agreed that, for the leading charges at each docket — aggravated indecent assault at Docket 2989-2008 and statutory sexual assault at Docket 2992-2008 — Appellant was on **parole** at the time of the revocation, and had sufficient time credit to satisfy the balance of each prison term. *See* N.T., 5/17/22, at 3-4, 8. Appellant, however, was still required to

- 8 -

serve the consecutive three years' probation imposed for each of those convictions. *See id.* at 4, 8; *see also Commonwealth v. Rosario*, 294 A.3d 338, 356 (Pa. 2023) (holding "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law").

With regard to the convictions of unlawful contact with a minor at each docket, Appellant's counsel noted that the probation sentences imposed at the December 2020 revocation proceeding were directed to run **concurrently** with the incarceration sentences for the leading charges. *See* N.T., 5/17/22, at 4. Therefore, Appellant violated the terms of his **probation** with respect to those convictions. Accordingly, the trial court imposed a statutory maximum sentence of 60 to 120 months' incarceration at each docket and directed them to run consecutively to each other.[12] *Id.* at 9-10. The court also provided a time credit of 29 months and 22 days to each docket. *See id.*; *see also* Sentencing Order, 5/17/22, 1-2 (unpaginated).

Appellant filed a timely post-sentence motion seeking modification of his sentence. He asserted "the imposition of an aggregate sentence of 10-20 years constituted an abuse of discretion, in that [his] rehabilitative needs and violations were not given sufficient weight[.]" Appellant's Post-Sentence

---

[12] Despite the probationary sentences remaining on the leading charges, the trial court directed that "Count 1" at each docket was "closed." *See* N.T., 5/17/23, at 14. The trial court acknowledged that "[i]n all likelihood," the remaining three years' probation at each docket would "just max out while he's incarcerated" for the unlawful contact with a minor revocation sentences. *See* N.T., 5/17/22, at 13.

Motion Pursuant to Pa.R.Crim.P. 720, 5/26/22, at 2 (unpaginated). Specifically, Appellant emphasized: (1) the crimes were committed in 2008, 14 years prior; (2) he already served "nearly 150 months incarceration on these dockets[;]" (3) he was a 55 year-old veteran with a full-time job; and (4) none of his violations "involved any contact with minors[.]" *Id.* at 2-3. Appellant requested that he be placed on work release. *Id.* at 3. The trial court denied the motion on June 22, 2022, and Appellant filed an appeal to this Court, at each docket, on June 27th.

On July 19, 2022, this Court quashed the appeals as untimely, noting that a post-sentence motion filed after a probation revocation sentence does not toll the appeal period.[13] *See* Order, 922 MDA 2022, 7/19/22; Order923 MDA 2022, Order 7/19/23. Thus, Appellant's appeal period expired on June 17, 2022, 30 days after the May 17th revocation sentencing was imposed; accordingly, the notices of appeal filed on June 22nd were untimely. *See* Pa.R.A.P. 903(a).

Thereafter, at each docket, Appellant filed a petition to reinstate his appellate rights *nunc pro tunc*. The trial court granted both petitions, and these timely *nunc pro tunc* appeals follow.[14] Appellant also complied with the

---

[13] *See* Pa.R.Crim.P. 708(E).

[14] At Docket 2992-2008, the trial court filed the order reinstating Appellant's direct appeal rights on September 8, 2022. Appellant filed a notice of appeal on September 12th, which is docketed at 1295 MDA 2023 in this Court.

*(Footnote Continued Next Page)*

trial court's orders directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal at each docket.  As noted ***supra***, this Court consolidated these appeals *sua sponte*.

Appellant presents the following two issues for our review:

1. Whether the trial court erred in denying Appellant's habeas corpus petition, thereby finding Appellant had violated his probation when said conditions were not legally provided to Appellant in violation of ***Commonwealth v. Koger***?

2. Whether the trial court abused its discretion in sentencing Appellant to an aggregate sentence of 10 to 20 years where such sentence is excessive and unreasonable as the trial court failed to consider Appellant's age, the age of the offense, the amount of time served collectively in his matters, and the gravity of his alleged violations?

Appellant's Brief at 5 (some capitalization omitted).

Preliminarily, we note:

_____

At Docket 2989-2008, the trial court purportedly entered the order reinstating Appellant's direct appeal rights on August 23, 2023.  However, that order was not timely docketed.  Thus, after Appellant filed a notice of appeal on September 12th, docketed in this Court at 1296 MDA 2022, we directed the trial court to "correct the trial court docket to reflect the entry of the August 23[rd] order reinstating Appellant's direct appeal rights[.]"  Order, 9/26/22.

We note, too, that both notices of appeal filed by Appellant incorrectly state the appeal is from "the order denying post sentence motion and the order reinstating appeal rights *nunc pro tunc*[.]"  ***See*** Appellant's Notices of Appeal, 9/12/22 (some capitalization omitted).  After being issued show cause orders by this Court, Appellant responded by clarifying that he was appealing *nunc pro tunc* from the May 17, 2022, judgments of sentence, and, this Court then discharged the rules to show cause.  ***See*** Orders, 11/28/22.  We have corrected the captions accordingly.

- 11 -

[I]n reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence.

***Commonwealth v. Starr***, 234 A.3d 755, 759 (Pa. Super. 2020) (citation & quotation marks omitted), *appeal denied*, 243 A.3d 724 (Pa. 2020). Moreover:

A defendant's probation may be revoked upon proof that the defendant either: 1) violated a **specific condition** of his or her probation or 2) committed a new crime. 42 Pa.C.S.A. § 9771; ***Commonwealth v. Foster***, 214 A.3d 1240, 1243 (Pa. 2019). These are the only grounds on which a court can find that a defendant violated his or her probation. ***Id.*** "[T]he [trial] court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation." ***Id.***

***Commonwealth v. Giliam***, 233 A.3d 863, 867 (Pa. Super. 2020) (emphasis added).

In his first issue, Appellant argues the Commonwealth "offered no evidence to establish" that he violated a specific condition of his probation that was imposed at the time of sentencing. Appellant's Brief at 11. He contends that the underlying bases for his violations were that he was interacting on adult dating websites, which contravened his sex offender conditions, and that he failed to follow treatment recommendations. ***See id.*** at 12. However, the only reference to these conditions at his December 2020 revocation sentencing was the requirement that he "comply w/sex offender conditions," which he claims is general and vague, and refers to conditions imposed by his probation officer, not the trial court. ***See id.***; ***see also*** Commitment Orders,

12/15/20. Rather, Appellant insists that the language used by the trial court in his case was "the exact type of language" this Court "deemed unconstitutional and illegal" in **Koger**. Appellant's Brief at 12.

Furthermore, to the extent the Commonwealth argues he was specifically informed that he was not permitted to use a cell phone as a condition of his probation, Appellant argues such a condition is "unduly restrictive of [his] liberty and incompatible with his freedom of conscience." Appellant's Brief at 14. He states: "In today's day, it would be impractical to expect someone not to possess a cell phone." **Id.**

First, we must point out that this Court's decision in **Koger**, upon which Appellant relies, was recently reversed, in part, by the Pennsylvania Supreme Court. **See Commonwealth v. Koger**, 295 A.3d 699 (Pa. Jun. 23, 2023). The Supreme Court held that the **Koger** panel erred in applying the probation revocation procedures announced in **Foster** to a parole violation case. **Id.** at 706-07. Indeed, the Court observed that the **Foster** decision "was nothing more than a case of statutory construction pertaining to **probation**" and was not intended to apply in parole violation cases. **Id.** at 709 (emphasis added). **Koger** involved a county **parole** violation — and "sentencing courts are authorized to delegate to county probation officers the responsibility of communicating to defendants the conditions of their parole, and to do so post-sentencing." **Id.** (footnote omitted). **See** 42 Pa.C.S. § 9776(d) (if a court paroles an inmate, "it shall place the inmate in the charge of and under the supervision of a designated probation officer"). Thus, **Koger** has no relevance

in the present case, where, on appeal, Appellant challenges only the revocation of his **probation**.

As noted *supra*, *Foster* controls when a defendant is accused of violating the conditions of a probationary sentence. "[A] court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions' of probation included in the probation order or has committed a new crime." *Foster*, 214 A.3d at 1250.

Here, the trial court determined that Appellant did violate a specific condition of his probation sentence imposed on December 15, 2020 — "specifically, that he was not permitted to possess a cell phone throughout the duration of his probation." Trial Ct. Op., 1/26/23, at 4. The court noted it "specifically advised" Appellant of this condition at the December 2020 revocation hearing. *Id.* Therefore, because Appellant violated a specific condition of his probation that was imposed in compliance with *Foster*, the trial court opined that its revocation of Appellant's probation was justified. *See id.* We agree.

Appellant insists that PO Heisey testified that he sought to revoke Appellant's probation based upon Appellant's "violation of his treatment . . . contract" — not for his possession of a cell phone — and the terms of the treatment contract were not specifically imposed by the trial court. *See* Appellant's Brief at 12; N.T., 4/19/22, at 12. Therefore, he argues "[s]ince the trial court did not impose the conditions which Appellant is alleged to have violated, the Commonwealth could not prove by a preponderance of the

- 14 -

evidence that Appellant committed any violations as allegedly defined during the [r]evocation [h]earing." Appellant's Brief at 14. Regardless, Appellant does not dispute that he was specifically informed he was not permitted to use a cell phone, or that he was using a cell phone in violation of that condition. Accordingly, we conclude the trial court properly determined Appellant violated a specific condition of his probation.

To the extent Appellant now argues that the trial court's restriction of his cell phone usage was "unduly restrictive," we conclude that claim is waived. *See* Appellant's Brief at 14. Appellant should have challenged that condition at the time it was imposed or in a timely post-sentence motion filed after the December 15, 2020, revocation hearing. *See Starr*, 234 A.3d at 759-760 (claim challenging "broad internet restriction" as a condition of probation implicating discretionary aspects of sentencing). Accordingly, Appellant is entitled to no relief on his first claim.

Next, Appellant challenges the discretionary aspects of his probation revocation sentence. As with any discretionary sentencing challenge, an appellant does not have an absolute right to appeal, "but, rather, must petition this Court for permission to do so." *Starr*, 234 A.3d at 759 (citation omitted).

> [A]n appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Id.*

Here, Appellant filed both a timely post-sentence motion and a timely notice of appeal. Additionally, he included the requisite Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal in his brief. *See* Appellant's Brief at 9-10. Accordingly, we must now consider whether Appellant's claim presents a substantial question justifying our review.

An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Conte*, 198 A.3d 1169, 1174 (Pa. Super. 2018) (citation omitted). In the present case, Appellant argues that his probation revocation sentence — consisting of two, consecutive statutory maximum sentences — is excessive, and the trial court failed to consider his rehabilitative needs and the gravity of the offense. *See* Appellant's Brief at 9-10, 15. This Court has determined: "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (citation omitted). Therefore, we now turn to the merits of his claim.

Our review of a probation revocation sentence is guided by 42 Pa.C.S. § 9771 of the Judicial Code.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been

- 16 -

convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted). Moreover, because "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court," we will not disturb a revocation sentence on appeal unless we determine the trial court abused that discretion. *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted). As this Court has oft-stated:

> An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Id.* (citation omitted).

Here, Appellant contends his revocation sentence is excessive for the following reasons: (1) the case "originated from a 2008 incident, [14] years ago[;]" (2) he has already served "nearly [150] months['] incarceration on these dockets[,]" which is longer than his original maximum sentence of 10 years' imprisonment; (3) he is a 55 year old veteran with a full-time job; and (4) the violations at issue did not involve any "engage[ment] with a minor[.]" Appellant's Brief at 15. He insists the trial court, in imposing such a lengthy aggregate sentence, failed to consider the "unique circumstances" of his case, his rehabilitative needs, and "what is necessary for the protection of the public." *Id.* at 16.

In its opinion, the trial court provided the following explanation for the sentence imposed:

> In the instant matter, this [c]ourt appropriately considered a variety of factors in determining Appellant's sentence. While this [c]ourt acknowledges the alleged[ ] mitigating factors pointed out by Appellant, there were also a multitude of aggravating factors presented on the record that justified the 10-to-20 year aggregate sentence . . . imposed on Appellant. Particularly, Appellant has been deemed a sexually violent predator and has a sexual-crime history dating back to 1991, much of it involving sexual acts with minors including his own daughter. Moreover, throughout the course of the instant matter, Appellant has committed probation violations four times and despite being in community-based sex offender treatment since his release from the incarceration phase of his original sentence, he has continued to engage in deviant sexual behavior. This [c]ourt found that those aggravating factors outweighed the mitigating factors set forth by Appellant, and given Appellant's repeated deviant behavior and probation violations, [the court] determined that incarceration was the most appropriate penalty. . . .

Trial Ct. Op. at 5-6.

Upon our review, we detect no error of law or abuse of discretion on the part of the trial court. Appellant minimizes the fact that this was his **fourth** revocation of probation or parole on the same charges — which involved two separate sexual assaults of two different minor victims. Although the trial court that imposed the revocation sentence did not impose the original sentence, it presided over all of Appellant's revocation proceedings, and was, therefore, very familiar with Appellant. Following Appellant's first two revocations in — January and September of 2019 — the court imposed **concurrent** terms of 60 months' probation on each outstanding offense. *See* Commitment Orders, 1/22/19; Commitment Orders, 9/17/19. Thus, the court

twice gave Appellant the opportunity to continue serving probation and stay out of prison. Following his third revocation in December of 2020, the court did sentence Appellant to a term of imprisonment on each of the lead offenses; however, it imposed them concurrently to each other. **See** Commitment Order, 12/15/20. Appellant's fourth revocation in less than three years confirms his utter inability to comply with the restrictive terms of a probationary sentence.

While we recognize the revocation sentence imposed was substantial, Appellant has failed to demonstrate the trial court abused its discretion. His assertion that the trial court did not consider his rehabilitative needs is specious since he has revealed his abject refusal to follow his treatment requirements. Accordingly, Appellant's second claim warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2023