J-A19014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RISHEEN WILLIAMS | : | |
| Appellant | : | No. 2527 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007601-2019

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 7, 2023**

Risheen Williams appeals from the judgment of sentence imposed after the trial court revoked an earlier sentence of probation.  Although we affirm the revocation of Appellant's probation, we vacate the resultant sentence and remand for proceedings consistent with this memorandum.

We glean the following facts from the certified record.  On July 15, 2021, Appellant pled guilty to one count of false identification to law enforcement and two violations concerning licenses, specifically possession of a fictitious or fraudulently altered driver's license.  The trial court sentenced him to an aggregate term of two years of probation and placed him under the intensive supervision of the Philadelphia County Antiviolence Unit, which entailed weekly reporting and frequent drug screenings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On February 11, 2022, about seven months into his sentence, Appellant appeared before the court for a violation of probation ("VOP") hearing. Therein, the court addressed threatening remarks Appellant made to the supervisor of his probation officer, as well as an outstanding arrest warrant for violating a Protection from Abuse ("PFA") order. The court continued the hearing for three days, ordering that Appellant turn himself in on the warrant, and did not lodge a detainer. Appellant self-reported to the authorities the same day. As a result, while the court found Appellant in technical violation and revoked probation at the continued hearing on February 14, 2022, it chose to resentence him to an aggregate term of two years of probation instead of incarceration. It further added a condition that Appellant participate in an anger management program, noting that Appellant had displayed an unsavory "attitude" in his interactions with the court and probation office. *See* N.T. VOP Hearing, 2/14/22, at 8-9.

One month later, on March 14, 2022, Appellant participated in a probation review hearing that had been scheduled as a matter of course at the time of his resentencing. At the review hearing, the probation officer testified that Appellant tested positive for use of marijuana once and additionally admitted on another occasion that he would test positive for marijuana. The **Gagnon I**[1] Summary prepared by Appellant's probation

_____

[1] A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made,
*(Footnote Continued Next Page)*

officer also stated that Appellant admitted to "steady smoking." ***See Gagnon I*** Summary, 4/4/22, at 2. The court told Appellant that he was not permitted to use marijuana while on probation, noting that he had been informed of this by his probation officers, and scheduled a return date thirty days out. ***See*** N.T. VOP Hearing, 3/14/22, at 8. The court indicated that it wanted to ensure that the levels of marijuana in Appellant's system were going down. ***Id***. It did not expressly revoke probation, nor did it indicate that any violation would be ameliorated if his levels decreased. Before the scheduled return date, however, Appellant was arrested for simple assault and terroristic threats, with the alleged victim being the same as the PFA complainant. Based on the new charges, the court lodged a detainer against Appellant.

On July 11, 2022, the charges against Appellant for simple assault and terroristic threats were dismissed for lack of prosecution. Later that same day, from jail Appellant initiated a three-way call to his daughter and his probation officer. During the call, he requested that his detainer be lifted and asked the officer when he might be released. After being informed by his probation officer that the judge presiding over his matters was on vacation, Appellant then asked what would happen to him if something horrible were to happen to the judge while she was away. Considering this as potentially a threat, the probation officer noted the remark as concerning in a ***Gagnon II***

_____

a ***Gagnon II*** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." ***Commonwealth v. Stafford***, 29 A.3d 800, 802 n.1 (Pa. Super. 2011) (citation omitted). ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

Summary report, and another VOP hearing was held in early August to address this and the detainer. However, the court continued the hearing and kept the detainer in effect until it had the opportunity to obtain an audio recording of the telephone conversation.

The continued VOP hearing was ultimately held on September 1, 2022. The court reviewed the recording of the jail call in open court and did not explicitly state on the record whether Appellant's comments on the three-way call constituted a threat. Nonetheless, it deferred to the probation officer's interpretation that the statement was a threat based on the fact that the "probation officer does this every day as to what stands out; what doesn't stand out. . . . I think that is really relevant." N.T. VOP Hearing, 9/1/22, at 27. The court also noted Appellant's anger on the call and referenced Appellant's prior history of showing anger and a lack of respect in the courtroom. *Id*. at 20-21. At the conclusion of the hearing, the court revoked Appellant's probation, noting that:

> I already found [Appellant] in technical violation. He had tested positive for marijuana. He didn't have a marijuana card at that time, and he also got a new arrest.
>
> Taking everything into account of what I've heard from probation and the history that's been before me, on the violation concerning licenses, it's a misdemeanor of the first degree. I will revoke your probation, and I'll do eleven and a half to twenty-three months house arrest, and I want you supervised by the domestic [antiviolence] unit.

*Id*. at 27-28.

The court thus resentenced Appellant as to the violation concerning licenses and issued no further penalty regarding the conviction for false identification to law enforcement. It did not award credit for any time Appellant was in jail. Appellant filed a motion for reconsideration *nunc pro tunc* on September 22, 2022, twenty-one days from the date he was resentenced. While the motion was pending, he filed a timely notice of appeal on September 30, 2022. Accordingly, the trial court entered an order cancelling the hearing on the motion, noting that it lacked jurisdiction to address it.

Thereafter, both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review, which we have reordered for ease of disposition:

I.      Whether the court's sentence was both illegal and violative of [Appellant's] due process rights insofar as his only violation was use of marijuana[,] which he is medically permitted to use?

II.     Whether the sentence was excessive insofar as the court failed to consider relevant mitigating factors, inappropriately considered circumstances as aggravating insofar as they were not in fact aggravating factors and/or gave undue weight to these purported aggravating factors and failed to acknowledge that [Appellant] sat in on her detainer since March of 2022?

III.    Whether the court ordered an illegal sentence insofar as it did not award [Appellant] credit for time served?

Appellant's brief at 7 (cleaned up).

Our standard and scope of review are as follows:

When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining

- 5 -

the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa.Super. 2021) (cleaned up).

Appellant first contends that his sentence was illegal and in contravention of his due process rights because his only violation was use of marijuana, which he is now medically permitted to use. *See* Appellant's brief at 18-23. Specifically, he states that "the sentence was . . . illegal insofar as there was no evidence of any probation violation warranting revocation." *Id*. at 18. He continues, "[t]here was simply no basis for the [c]ourt to revoke probation and impose a custodial sentence." *Id*.

Although Appellant couches this claim as an attack on an illegal resentence, it is clear that he actually challenges the court's basis for revocation. As to that issue, we have stated that before the trial court may revoke probation, the court must first find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *Parson*, *supra* at 1019 (cleaned up). Once a court determines that a violation has occurred, it may then "consider the rehabilitative effectiveness of the probation in deciding whether to revoke probation." *Commonwealth v. Giliam*, 233 A.3d 863, 869 (Pa.Super.

2020). A court has the authority to revoke probation based on acts that fall short of criminal conduct. **See Commonwealth v. Colon**, 102 A.3d 1033, 1042 (Pa.Super. 2014). Further, "[u]nlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a [probation] revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." **Parson**, **supra** at 1019 (citation omitted).

In addressing this issue, the trial court noted that from the time Appellant's probation initially commenced in July of 2021, he was high risk and under the intensive supervision of the Philadelphia County Antiviolence Unit, which entailed frequent drug screenings. **See** Trial Court Opinion, 3/27/23, at 13. It opined that it "properly found beyond a preponderance of the evidence that Appellant violated his probation when presented with evidence that he tested positive for marijuana on February 16, 2022[,] and on March 9, 2022 when Appellant admitted that he would test positive for marijuana." **Id**. It noted that his use of marijuana was prohibited, and that he did not possess a medical marijuana card on those dates in question. **Id**. The court also determined that "Appellant's violative conduct, along with Appellant being criminally charged multiple times while on probation for crimes ranging from PFA violations to terroristic threats, all of which involve the same complainant, was enough in demonstrating to the court probation was ineffective in rehabilitating Appellant." **Id**. As such, the court concluded that revocation was appropriate in this matter.

In response, Appellant contends that the court's consideration of any arrest or incidents pre-dating February 14, 2022 violated 42 Pa.C.S. § 9771(d), which restrains the court from considering facts occurring prior to the imposition of probation.[2]  **See** Appellant's brief at 19.  While acknowledging that he tested positive for marijuana on one occasion and admitting on another that he would test positive, Appellant avers that he was appropriately reprimanded by the court at the VOP hearing on March 14, 2022, and therefore these violations did not provide a basis for violation at the September 1, 2022 VOP hearing.  **Id**. at 20-21. He maintains that this is especially so because he obtained a medical marijuana card several days after the March 14, 2022 hearing, meaning that he was no longer at risk of violating probation on this basis moving forward.  **Id**. at 22.  Appellant also notes that, although he was arrested for new charges in the interim, those charges were dismissed prior to his resentencing in September and thus could not be considered as a violation.  **Id**. at 21.  Therefore, he believes he was "in complete compliance with his probation" when it was revoked on September 1, 2022.  **Id**.

_____

[2]  This statute states in relevant part as follows:

> There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771(d).

After careful review of the applicable law and the certified record, we conclude that the trial court did not abuse its discretion or commit an error of law in revoking Appellant's probation. Initially, the court correctly determined that he violated a specific condition of probation. *See Giliam*, *supra* at 869. In particular, Appellant committed two technical violations in less than a month of being resentenced on February 14, 2022, when he used marijuana prior to obtaining a medical marijuana card. It is also apparent that Appellant's non-permitted consumption of marijuana, for which he had undergone frequent drug screenings since July of 2021, constituted a violation of a specific condition of his probation. Notably, Appellant does not contest the positive test or his admission, or that the acts themselves violated a condition of his probation.

We reject Appellant's claim that the court could not find him in technical violation for the marijuana use at the September 1, 2022 VOP hearing because there was a prior hearing in March. When the court heard the matter at the VOP hearing in March, it did not make a determination to revoke probation. Rather, the court scheduled a subsequent review hearing for one month out. *See* N.T. VOP Hearing, 3/14/22, at 8 ("I want to give it a thirty[-]day date to make sure you're doing what you're supposed to do and to make sure that these marijuana levels are going down, okay?"). However, due to various intervening factors, including Appellant's subsequent arrest and comments made during a recorded telephone call with his probation officer, the matter was not addressed again until the September 1, 2022 VOP hearing. At that

time, the court was then free to conclude that based on Appellant's failed drug screening and admission of "steady smoking," he violated a specific condition of his probation. The mere fact that the court scheduled a thirty-day review date did not nullify his technical violations or guarantee that he would be entitled to receive no further penalty, even if his levels decreased.

Having concluded that the trial court properly found a violation, we also determine that the court did not err in revoking Appellant's probation. As noted above, in making this decision, the court was permitted to consider the probation's rehabilitative effectiveness. **See Giliam**, **supra** at 869. At the ultimate VOP hearing, the court specifically stated on the record that in making this finding, it considered the technical violations, Appellant's arrest post-resentencing, the testimony from the probation officer, and the history of his supervision. **See** N.T. VOP Hearing, 9/1/22, at 27. The record reflects that this was Appellant's second proven violation since his supervision initially began in July of 2021. Further, Appellant had a history of anger issues, which the court noted from Appellant's call to his probation officer. In all, the court's decision comports with the main focus of a probation revocation hearing, being "whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct." **Colon**, **supra** at 1042.

We further reject Appellant's contention that revocation was improper because his medical marijuana card was subsequently issued after the March 2022 VOP hearing. Appellant asserts that obtaining the card reduced both the

severity of his infractions and the likelihood of future lapses. However, it is not at all clear why he believes that obtaining the card **after** his violations diminished the gravity of his prior failure to abide by the terms of his probation. Further, even with a medical marijuana card, his use could still constitute a violation of probation if it is demonstrated that he did so in contravention to any provision of the Medical Marijuana Act. **See** 35 P.S. § 10231.303(a) (stating that "use or possession of medical marijuana **as set forth in this act** is lawful within this Commonwealth") (emphasis added). Finally, while Appellant's marijuana use was the only express violation of a condition of probation found by the court, in deciding whether to revoke probation, the court was nonetheless permitted to consider additional factors, including Appellant's supervision history and history of anger, as discussed above.

Accordingly, we conclude that the court's decision to revoke probation was not in error and Appellant's due process rights were not violated. Therefore, we affirm the order revoking Appellant's probation.

Appellant next argues that the court imposed an excessive sentence. Our standard of review for this claim is well settled:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider

challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010) (citations omitted).

Nonetheless, a challenge to the discretionary aspects of a sentence does not entitle an appellant to "review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted).  Rather,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (cleaned up).

Here, Appellant timely filed his notice of appeal.  However, the certified record reflects that his motion for reconsideration was filed twenty-one days after he was resentenced, and therefore is facially untimely pursuant to Pa.R.Crim.P. 708(E) (providing that "[a] post-sentence motion to modify a sentence imposed after revocation shall be filed within ten days of the date of imposition").[3]  This Court has held that "[a]n untimely post-sentence motion does not preserve issues for appeal." ***Commonwealth v. Wrecks***, 931 A.2d

---

[3] Further, at the time he was resentenced, Appellant was advised of his right to request reconsideration of the sentence within ten days and his right to have a lawyer file that motion if he could not afford one, in compliance with Pa.R.Crim.P. 708 (D). ***See*** N.T. VOP Hearing, 9/1/22, at 31.

717, 719 (Pa.Super. 2007) (citation omitted). Since Appellant has failed to preserve this issue, we are not at liberty to entertain it.

Appellant's final claim is that his sentence is illegal because the trial court did not award him credit for the time he spent in jail from March 25, 2022, to September 1, 2022. **See** Appellant's brief at 15-17. As to this issue, we must agree with Appellant. This Court has observed that "[a] claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence."[4] **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa.Super. 2018) (citation omitted). "Issues relating to the legality of a sentence are questions of law." **Id**. (citation omitted). As such, our standard of review is *de novo* and the scope of review is plenary. **Id**.

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides in relevant part as follows:

## § 9760. Credit for time served

After reviewing the information submitted under [§] 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during

---

[4] Issues pertaining to the legality of a sentence are not waived by failure to raise them in the lower court. **See**, **e.g.**, **Commonwealth v. Hill**, 238 A.3d 399, 409 (Pa. 2020).

> trial, pending sentence, and pending the
> resolution of an appeal.

42 Pa.C.S. § 9760.

Appellant asserts that because none of his time in jail was credited to the simple assault and terroristic threats charges that were dismissed, he must receive credit for that time in conjunction with the sentence *sub judice*, relying on **Commonwealth v. Smith**, 853 A.2d 1020 (Pa.Super. 2004). **See** Appellant's brief at 16-17. For its part, the Commonwealth concedes that Appellant is entitled to credit for time he spent incarcerated, relying in part on **Smith** as well. **See** Commonwealth's brief at 7-8.

In **Smith**, this Court held that,

> because Smith's pretrial incarceration is attributable to both his probation detainer and the new criminal charges, **it must be attributed to either his sentence under the new criminal charges or to a sentence imposed for violation of probation**. Because Smith's pre-trial incarceration was not already credited to any violation of his probation, it was error for the trial court to refuse to give credit to Smith on his . . . sentence.

**Smith**, **supra** at 1026 (emphasis added).

The instant matter is controlled by **Smith**, although the circumstances are reversed. There is no question that Appellant's incarceration from March 25, 2022, through September 1, 2022, was a result of both new charges and the detainer lodged against him. However, none of his time in jail was credited to the simple assault and terroristic threats charges because they were ultimately dismissed for lack of prosecution prior to his VOP resentencing. As such, pursuant to **Smith** and § 9760, this time must be credited to his VOP

sentence. We therefore vacate the sentence and remand for the trial court to resentence Appellant, awarding him credit for time served in custody.

Judgment of sentence vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/07/2023