J-S26019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUES A LIAS | : | |
| | : | |
| Appellant | : | No. 25 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000145-2022

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 20, 2025**

Appellant, Marques A. Lias, appeals from the judgment of sentence entered on December 5, 2024 following the revocation of probation. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On June 13, 2022, Appellant entered a negotiated guilty plea to aggravated assault pursuant to 18 Pa.C.S.A. § 2702(a)(4). In accordance with the plea agreement, the trial court imposed a split sentence of nine to 23 months of incarceration with two years of probation and credit for time-served. While serving the probationary tail of his sentence, the Commonwealth charged Appellant with retail theft on January 2, 2024. On January 3, 2024, Appellant waived his right to a **Gagnon I**, probable cause

hearing under *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).[1]  On December 4, 2024, a bench warrant was issued for Appellant.  On December 5, 2024, the trial court convened a hearing to resolve Appellant's outstanding charges and to reassess whether continued probationary supervision remained a viable rehabilitative option for Appellant.  At the December 5th hearing, Appellant entered a negotiated guilty plea to the new retail theft charge.  In addition, the trial court sentenced Appellant in accordance with the retail theft plea agreement to 100 days to 23 months of imprisonment with credit for time served.  Thereafter, the trial court commenced a *Gagnon II* proceeding, during which it revoked Appellant's probation and imposed a violation-of-probation (VOP) sentence of two to four years' imprisonment on his aggravated assault conviction.  This timely appeal resulted.[2]

---

[1]  This Court has stated:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citations omitted).

[2]  Appellant filed a timely post-sentence motion on December 13, 2024.  Upon review of the certified record, it does not appear that the trial court ruled upon it.  However, on January 3, 2025, Appellant also filed a timely notice of appeal.  On January 9, 2025, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *(Footnote Continued Next Page)*

On appeal, Appellant presents two issues for our review:

Whether the trial court abused its discretion when it relied, in whole or in part, on impermissible considerations at the *Gagnon II* hearing[?]

Whether the trial court abused its discretion in imposing a [two] to [four] year sentence upon revocation of probation where the violation of probation was a $102.10 retail theft conviction[?]

Appellant's Brief at 5.

In his first issue presented, Appellant contends that the trial court erred or abused its discretion when "at the *Gagnon II* hearing, the [t]rial [c]ourt allowed testimony and accusations from the [p]robation [o]fficer which had not been previously provided" to Appellant and that he "was not prepared to answer [the] allegations." *Id.* at 11; *see also* Post-Sentence Motion, 12/13/2024, at ¶ 11(b) ("The only alleged violation in the paperwork filed by the Adult Probation Office was the new arrest; however, Adult Probation was permitted, over objection, to put on the record numerous allegations that were not raised as violations or set forth in the violation petition."). More specifically, Appellant challenges the probation officer's testimony regarding: (1) Appellant's gang affiliation and his family's criminal history; (2) an incident in which Appellant was granted a travel permit to Wildwood, New Jersey where he was subsequently involved with a minor who was arrested with a firearm, and; (3) Appellant's evasiveness with providing the probation department with valid addresses pursuant to the terms of probation. Appellant's Brief at 17-19.

---

Appellant complied timely on January 29, 2025. On February 27, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant claims "that allowing this testimony, without prior notice to the [d]efense, was an abuse of discretion and a violation of due process" resulting in "an ambush" and unfair revocation hearing. *Id.* at 20. Because Appellant maintains that the lack of notice hampered the preparation of his case and frustrated his efforts to demonstrate that probation remained an effective rehabilitation tool, we read Appellant's objection to the testimony introduced at his *Gagnon II* hearing as a challenge to the trial court's decision to revoke probation, not as a challenge to the VOP sentence which the court ultimately imposed.

This Court has stated:

When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*         *         *

A defendant's probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation or 2) committed a new crime. These are the only grounds on which a court can find that a defendant violated his or her probation. The [] court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation.

**Notably, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct. Rather, the effectiveness of probation as a rehabilitative tool and as a**

**deterrent to antisocial conduct is the lens through which a violation is to be viewed. Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity.**

*Commonwealth v. Giliam*, 233 A.3d 863, 866–867 (Pa. Super. 2020) (emphasis added; internal citations, quotations and original brackets omitted).

2020).

Pennsylvania Rule of Criminal Procedure 708 governs violations of probation and provides, in pertinent part:

**(A)** A written request for revocation shall be filed with the clerk of courts.

**(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

**(C)** Before the imposition of sentence,

(1) the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court.

(2) When such pleas are accepted, the court shall sentence the defendant for all the offenses.

Pa.R.Crim.P. 708(A)-(C).

Moreover, we have previously determined:

The ***Gagnon II*** hearing entails two decisions: first, a consideration of whether the facts determined warrant revocation. The first step in a ***Gagnon II*** revocation decision ... involves a wholly retrospective factual question: whether the parolee or probationer has in fact acted in violation of one or more conditions of his parole or probation. It is this fact that must be demonstrated by evidence containing probative value. Only if it is determined that the parolee or probationer did violate the conditions does the second question arise: should the parolee or probationer be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation? Thus, the ***Gagnon II*** hearing is more complete than the ***Gagnon I*** hearing in affording the probationer additional due process safeguards, specifically: (a) written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole.

Further, we note that there is a lesser burden of proof in a ***Gagnon II*** hearing than in a criminal trial because the focus of a violation hearing is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct. Thus, the Commonwealth need only prove a violation of probation by a preponderance of the evidence.

***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240–1241 (Pa. Super.

2009) (internal citations, quotations, and brackets omitted).

Section 9771[3] of the Sentencing Code provides, in pertinent part:

---

[3] We rely upon the text of the version of Section 9771 that was in effect at the time of revocation, which was effective from June 11, 2024 to October 19, 2025.

**(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.

**(b) Revocation.--**The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Subject to the limitations of subsections (b.1) and (c), upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

\* \* \*

**(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations of probation. The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

\* \* \*

**(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771. "To determine the validity of [a revocation] sentence, we initially must consider why the court found [the probationer] in violation."

*Giliam*, 233 A.3d at 867.

Here, at the start of his ***Gagnon II*** hearing, Appellant pled guilty to retail theft, a new crime committed while on probation and the trial court accepted the plea. ***See*** N.T., 12/5/2024, at 2-5. As Appellant concedes, he was given notice that this was the only alleged violation of his probation prior to the ***Gagnon II*** hearing. By pleading guilty to retail theft, Appellant admitted that he violated the terms of his probation by committing a new crime. Subsequently, the trial court stated:

> All right. And now, this December 5, 2024, after informal hearing held, and [Appellant] having admitted the violation, the [c]ourt finds [Appellant] in violation of his probation. His probation is revoked. The [c]ourt finds he is no longer amenable to a period of probation[.]

***Id.*** at 7. Thus, the trial court only considered the new retail theft conviction in revoking probation. It was only after the trial court revoked Appellant's probation that the trial court considered the testimony of Appellant's probation officer when imposing Appellant's VOP sentence.[4]

Upon review of the certified record, Appellant had written notice he had committed a new crime and of the Commonwealth's evidence against him pertaining to the retail theft. ***See Allshouse supra***. A hearing was held speedily at which Appellant was present and represented by counsel. ***See*** Pa.R.Crim.P. 708(B)(1). He was given the opportunity to be heard in person and had the right to confront and cross-examine adverse witnesses. ***See Allshouse supra***. Appellant pled guilty to retail theft, the trial court

---

[4] We will discuss Appellant's sentencing and the probation officer's testimony in more detail later in conjunction with his second appellate issue.

accepted the plea, and sentenced Appellant for retail theft. ***See*** Pa.R.Crim.P. 708(B)(1). The trial court then made a record finding that the Appellant violated a condition of probation by committing a new crime. ***See*** Pa.R.Crim.P. 708(B)(2). Ultimately, the trial court provided a written opinion as to the evidence relied on and reason for revoking probation, in this case, a new conviction. ***See Allshouse supra***. As such, for all of the foregoing reasons, we conclude that there is no merit to Appellant's first issue as presented.

Next, Appellant maintains that the trial court abused its discretion by sentencing him to two to four years of incarceration following revocation because the sentence was excessive and "did not adequately consider the fact that this was Appellant's first probation violation, that the underlying offense for the revocation was merely a $102.10 [r]etail [t]heft from Walmart, that Appellant was gainfully employed, nor did the [c]ourt consider the numerous letters written on Appellant's behalf." Appellant's Brief at 13. However, Appellant acknowledges that he received a sentence within the standard range of the Sentencing Guidelines. ***Id.*** at 15.

Appellant's challenge implicates the discretionary aspects of sentencing and, therefore, we adhere to the following standards:

> In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. A revocation of a probation sentence is a matter committed to the sound discretion of the trial court and

that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.[5] An a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\*     \*     \*

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

(1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Showers***, 319 A.3d 52, at \*2 (Pa. Super. 2024) (non-precedential decision) (internal citations, quotations, and original brackets omitted).[6]

Here, Appellant filed a timely notice of appeal and preserved his sentencing claim by raising it in a post-sentence motion and in a concise statement in his appellate brief pursuant to Pa.R.A.P. 2119(f) as required.

_____

[5] We note that "the imposition of total confinement after the revocation of [an a]ppellant's probation alone does not raise a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 338 n.17 (Pa. Super. 2015).

[6] We may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value. ***See*** Pa.R.A.P. 126(b).

- 10 -

Thus, we must determine whether Appellant has raised a substantial question to warrant review.

This Court has concluded:

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 774 (Pa. 2013).

"This Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021) (citations omitted). In ***Commonwealth v. Caldwell***, 117 A.3d 763 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015), a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." ***Id.*** at 769. Likewise, in Commonwealth v. Cannon, 954 A.2d 1222 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009), we held that a claim that the trial court failed to consider, *inter alia*, the defendant's rehabilitative needs and age did not present a substantial question for review. ***Id.*** at 1228-1229.

***Id.*** at *3. Based upon all of the foregoing, we conclude that Appellant's argument fails to raise a substantial question, and, therefore, we need not review his discretionary sentencing challenge.

Regardless, we conclude that the trial court did not abuse its discretion in sentencing Appellant following the revocation of probation. As this Court has recognized:

Upon revocation, the sentencing alternatives available to the VOP court shall be the same as were available at the time of initial sentencing. **See** [**Commonwealth v.**] **Starr**, 234 A.3d [755,] 761 [(Pa. Super. 2020)]. Further, the rules concerning sentencing for a probation revocation differ significantly from those at the initial sentencing proceeding:

> the sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role.
>
> However, **it is a different matter when a defendant reappears before the court following the violation of the mercy bestowed on him in the form of a probationary sentence**. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, the revocation court is not cabined by 42 Pa.C.S.A. § 9721(b)'s requirement that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

See **Commonwealth v. Peiffer**, 329 A.3d 658 at *7 (Pa. Super. 2024) (unpublished memorandum) (citation omitted) (emphasis added). **See also** 204 Pa. Code § 303.1(b) (providing the Sentencing Guidelines are not applicable to sentences following the revocation of probation). Following revocation, "a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and the character of the offender." **See Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010).

**Commonwealth v. Berton**, 2025 WL 1743703, at *3–4 (Pa. Super. 2025) (emphasis in original; original brackets omitted) (non-precedential decision).

Moreover, "[a]t the time of sentencing, the judge shall afford the defendant

the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing [and t]he judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 708(D)(1)-(2).

Here, after Appellant committed a new crime while on probation, the sentencing alternatives available to the trial court were the same as were available at the time of initial sentencing. *See* 42 Pa.C.S.A. § 9771(b)-(c). While not required, the trial court examined the sentencing guidelines and concluded that a standard range sentence was appropriate. N.T., 12/5/2024, at 12. The trial court asked the probation department for a sentencing recommendation. At this point in the proceeding, the probation officer testified that Appellant "is a validated gang member [with] a sphere of influence over many younger individuals in the community [and] with his family." *Id.* at 8. The probation officer testified that "while under supervision" Appellant was granted "a travel permit to travel to Wildwood, New Jersey [where o]ne of the juveniles who was with him was arrested that day on the boardwalk with a firearm." *Id.* at 9. Further, the probation officer testified that Appellant had "been evasive with his addresses" and that when he was finally apprehended for retail theft "it took over an hour and a half of a standoff [] to get him to come out peacefully." *Id.* at 9-10. The probation officer, however, acknowledged that "[w]hile these [actions were not] listed as technical violations" of the terms of Appellant's probation, such actions constituted "a continued course of conduct" relevant to Appellant's

amenability to rehabilitation. *Id.* at 9. As such, the probation officer recommended a standard range sentence for aggravated assault or "21 to 27" months of incarceration. *Id.* at 10. Appellant was given the right to allocution and he made a statement on his own behalf. *Id.* at 13-14; *see also* Pa.R.Crim.P 708(D)(1).

It was proper for the trial court to consider both Appellant's and the probation officer's testimony prior to imposing sentence. *See* Pa.R.Crim.P 708(D)(1) (Following a finding of probation violation, the trial court must "afford counsel for **both parties the opportunity to present information** and argument relative to sentencing.") (emphasis added). Moreover, following revocation, the trial court could not consider imposing a term of incarceration without considering Appellant's conduct while on probation. *See* 42 Pa.C.S.A. § 9771(d) ("There shall be no revocation or increase of conditions of sentence … except after a hearing at which the court shall consider the record of the sentencing proceeding **together with evidence of the conduct of the defendant while on probation**.") (emphasis added). Accordingly, Appellant's conduct while on probation was relevant to sentencing and mandated by statute. The trial court also considered Appellant's employment history and "review[ed] letters from defense counsel" before imposing sentence. *Id.* at 11-15 ("For the record, I did read the letter from defendant, the letter from Reading Truck, the letter from … his aunt, a letter from his mother, and a letter from his son."). As such, we reject Appellant's suggestion that the trial court did not consider mitigating factors

- 14 -

prior to imposing an individualized sentence. Hence, the trial court properly revoked probation for committing a new crime and then subsequently considered evidence of Appellant's conduct while on probation. Finally, we note that the trial court was not required to engage in a lengthy discourse regarding the imposition of Appellant's sentence. Upon review, the record as a whole reflects the sentencing court's consideration of the facts of the crime and the character of the offender. *See Berton supra*. Accordingly, we conclude that Appellant did not raise a substantial question, but his discretionary aspect of sentencing claim is otherwise without merit. Hence, Appellant's second appellate issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025